**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES MATTHEW SHAFFER | : | |
| | : | |
| Appellant | : | No. 1511 MDA 2017 |
| | : | |

Appeal from the PCRA Order September 6, 2017
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001686-2012

BEFORE: BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 14, 2018**

Charles Matthew Shaffer appeals from the denial of his second *pro se*

PCRA petition as untimely. We affirm.

On a prior appeal, we summarized the facts and procedural history as

follows:

> A jury convicted Shaffer of attempted rape, attempted involuntary deviate sexual intercourse, and indecent assault, based upon allegations that he had attempted to forcibly rape an ex-girlfriend in his home. On November 14, 2013, the trial court sentenced Shaffer to an aggregate term of imprisonment of 10 to 20 years. Shaffer did not file post-sentence motions or a direct appeal.
>
> On November 6, 2014, Shaffer filed a *pro se* PCRA petition. Counsel was appointed to represent him, and counsel filed an amended petition. The PCRA court subsequently entered a notice of its intent to dismiss the amended petition without a hearing. Shaffer filed a counseled response, however the PCRA court entered an order dismissing his petition without a hearing on June 5, 2015. [On March 21, 2016, we affirmed the PCRA court order

_____
* Retired Senior Judge assigned to the Superior Court.

denying relief, and Appellant did not file a petition with our Supreme Court seeking allowance of appeal.]

***Commonwealth v. Shaffer***, 144 A.3d 205 (Pa.Super. 2016) (unpublished memorandum at 1-2) (footnote omitted).

On March 21, 2017, Appellant filed a second PCRA petition. He asserted that his prior PCRA counsel provided ineffective assistance in failing to develop the record while litigating the first petition. After proper notice under Pa.R.A.P. 907, the PCRA court dismissed the petition as untimely. This appeal followed.

Initially, we note, "[a]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa. 2014). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id***.

The time limitations imposed by the PCRA implicate our jurisdiction and they may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Monaco***, 996 A.2d 1076, 1079 (Pa.Super. 2010) ("Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition."). Appellant's judgment of sentence became final on December 14, 2013, thirty days after the entry of the judgment of sentence and upon the expiration of the period to file a direct appeal with this Court.

Accordingly, in order to comply with the time requirements, Appellant's petition had to be filed by December 14, 2014. Appellant filed the instant petition on March 21, 2017; thus, unless one of the exceptions set forth in 42 Pa.C.S. § 9545 applies, the petition is barred as untimely.

Section 9545 provides the following three exceptions that allow for review of an untimely PCRA petition: (1) petitioner's inability to raise a claim as a result of governmental interference; (2) the discovery of previously unknown facts that could not have been ascertained by the exercise of due diligence; and (3) a newly-recognized constitutional right. 42 Pa.C.S. § 9545 (b)(1)(i)-(iii). To invoke an exception, the petitioner must plead it and satisfy the burden of proof. **Commonwealth v. Beasley**, 741 A.2d 1258, 1261-62 (Pa. 1999). In addition, any exception must be raised within sixty days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).

Appellant neglects to assert an exception to the PCRA time bar. Indeed, his central argument appears to be that PCRA counsel provided ineffective assistance in failing to submit exhibits and documentary evidence in order to bolster the assertions leveled in his counseled PCRA petition. That argument is fruitless.

It is a well-ensconced principle of law that claims of counsel's ineffectiveness cannot be used to salvage an otherwise untimely PCRA. **See Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999). Moreover, as explained *supra*, since Appellant does not couch his ineffective-assistance-of-

counsel claim in terms of a newly discovered fact or abandonment, our Supreme Court's holding in **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2007), is inapplicable.[1]

In **Bennett**, the High Court addressed whether a PCRA petitioner's allegation that he recently discovered that PCRA counsel had abandoned him during his appeal from the order denying his timely first PCRA petition permitted him to circumvent the PCRA time bar under § 9545(b)(1)(ii). The Supreme Court first explained that § 9545(b)(1)(ii) is triggered "when the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." **Id**. at 1270 (quoting 42 Pa.C.S. § 9545(b)(1)(ii)). It then concluded that, where a petitioner pleads and proves both components of this exception, the PCRA court has jurisdiction over the claim.

In reaching its determination that the petitioner was entitled to assert an exception to the PCRA time limitation under § 9545(b)(1)(ii), the High

---

[1] Likewise, Appellant's unadorned citation to **Commonwealth v. Rosado**, 150 A.3d 425 (Pa. 2016) is unavailing. In **Rosado**, our Supreme Court addressed an ineffective assistance claim that was raised in a timely filed PCRA petition and held that counsel's "filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se.*" **Id**. at 440. Significantly, since the defendant in **Rosado** leveled his claim in a timely PCRA petition, the Court clearly had jurisdiction to address the merits of the assertion without having to circumvent the PCRA time bar. Instantly, however, Appellant raised his assertion in a patently untimely PCRA petition and neglected to invoke any of the statutory exceptions to the PCRA time requirements. Hence, the PCRA court lacked jurisdiction to review it. **See Monaco**, **supra**.

Court stressed the significance of the difference between a specific allegation that PCRA counsel abandoned a petitioner and a general allegation that PCRA counsel provided ineffective assistance. *See Bennett*, *supra* at 1272-74. The Court then reiterated that the alleged discovery of the latter form of ineffectiveness was not grounds for circumventing the § 9545 time restrictions. *Id*. at 1272; *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 785 (Pa. 2000) ("In sum, a conclusion that previous counsel was ineffective is not the type of [newly]-discovered-[fact] encompassed by the exception"). However, analogizing a PCRA petitioner's rule-based right to a counseled first petition to a criminal defendant's Sixth Amendment right to counsel during criminal proceedings, the Supreme Court reasoned that § 9545 could not be applied to preclude review of a previously unknown claim alleging the complete denial of the assistance of counsel during the appeal from the order denying the first PCRA petition. Accordingly, the *Bennett* Court held that the petitioner's allegations fell within the newly-discovered-fact exception to the time bar, and it remanded the matter for this Court to determine whether counsel's abandonment was unknown to the petitioner and could not have been ascertained through due diligence.

Unlike the defendant in *Bennett*, however, Appellant did not invoke the newly-discovered-fact exception to the PCRA's time requirements pursuant to § 9545(b)(1)(ii) or even attempt to assert that he was abandoned by prior PCRA counsel. Instead of framing an exception under § 9545(b)(1)(ii),

Appellant's claim challenges PCRA counsel's stewardship in litigating the merits of his first petition. Thus, the "abandonment" concerns underlying our Supreme Court's rationale in **Bennett** are absent herein.

Having found that Appellant's second PCRA petition was untimely filed and that no exceptions to the statutory time bar apply, we affirm the order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/14/18