J-S51019-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OTIS BALL | : | |
| | : | |
| Appellant | : | No. 1810 EDA 2017 |

Appeal from the Judgment of Sentence October 4, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000403-2014,
CP-51-CR-0001571-2011, CP-51-CR-0015013-2010

BEFORE:  DUBOW, J., NICHOLS, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY NICHOLS, J.:                    **FILED SEPTEMBER 24, 2018**

Appellant Otis Ball appeals from the judgment of sentence following his guilty plea to conspiracy and possession with intent to deliver (PWID),[1] which were violations of his probation, for which he was also sentenced at the same sentencing hearing.  Appellant asserts that the trial court erred by ignoring mitigating factors and failing to apply an individualized sentence.  We affirm.

The trial court summarized the relevant facts of this matter as follows:

On March 1, 2011, [Appellant] pled guilty before [the trial court] to [PWID] on docket CP-51-CR-0015013-2010 and docket CP-51-CR-0001571-2011.  At that time, [the trial court] sentenced [Appellant] to eleven and one[-]half (11½) to twenty-three [(23)] months of confinement on docket CP-51-CR-0015013-2010 and five years of probation on docket CP-51-CR-0001571-2011.

---

[1] 18 Pa.C.S. § 903 and 35 P.S. § 780-113(a)(30), respectively.

On January 3, 2012, while on [probation, Appellee] was arrested and charged with PWID [at docket CP-51-CR-0006254-2012, which is not at issue in this appeal.]   On October 2, 2013, at approximately 3:20 in the afternoon, the Narcotics Field Unit of the Philadelphia Police Department received a call that cleaning personnel at a Ramada Inn [in Philadelphia] had discovered a clear bag of bulk marijuana and a clear bag of dozens of Percocet tablets in room 209 of the hotel.   The Narcotics Field Unit set up surveillance of the room and at approximately 4:10 pm, a tan Chevrolet Malibu pulled into the parking lot of the hotel.   Two males, one of them later identified as [Appellant] and another later identified as Raymond Davis, got out of the car, entered the hotel, and went to room 209.   Davis unlocked the door with a keycard and both men entered the room.   Approximately a minute later[, Appellant] left the room and went back to the Malibu, opening the trunk and retrieving a white bag from it before closing the trunk again.   [Appellant] returned to room 209 and entered it, and then officers gathered outside the room.   [Appellant] opened the door again and both he and Davis were secured.   After a search and seizure warrant was executed at approximately 8:50 pm, police recovered one baggie containing fifteen (15) grams of marijuana and another ba[g] containing one-hundred-eighteen (118) Percocet tables in the room.   The white bag brought in by [Appellant] contained $5000 bundled in increments of $1000.   $1520 was recovered from [Appellant's] person and $16 was recovered from Davis.   Police also recovered two boxes of new and unused sandwich baggies and a digital scale in the room.   A search warrant was executed on the Malibu in the parking lot with negative results.

On October 7, 2015, [Appellant] pled guilty . . . to PWID and [c]onspiracy on docket CP-51-CR-0000403-2014.   On October 4, 2016, [the trial court] sentenced [Appellant] to four (4) to eight (8) years['] confinement followed by two (2) years' probation for PWID, and ten (10) years of probation for [c]onspiracy.   [The trial court] also found [Appellant] to be in direct violation of its probation for dockets CP-51-CR-0015013-2010 and CP-51-CR-0001571-2011.   [The trial court] revoked [Appellant's] probation and imposed a sentence of four (4) to eight (8) years['] confinement on docket CP-51-CR-0015013-2010 and four (4) to eight (8) years['] confinement followed by two (2) years' probation on docket CP-51-CR-0001571-2011.   [The trial court] ordered all sentences to run concurrently, for an aggregate

sentence of four (4) to eight (8) years of confinement, followed
by ten (10) years of probation.

Trial Ct. Op., 1/10/18, at 1-3.

At sentencing, the trial court informed Appellant that he had "[t]en days to ask me to modify, [thirty] days to take an appeal." N.T., 10/4/16, at 11. The trial court did not specify that in the context of sentencing for violations of probation that the motion to modify did not toll the thirty-day appeal period. *See* Pa.R.Crim.P. 708(E). Thereafter, on October 14, 2016, Appellant filed a separate motion for reconsideration of sentence at each of the three dockets on which he was sentenced, asserting that he was not credited for his acceptance of responsibility and for entering guilty pleas. Appellant also argued in his motions for reconsideration that the court employed inapt sentencing guidelines and improperly denied him RRRI eligibility. On May 8, 2017, the trial court denied Appellant's motions.

Appellant filed a timely notice of appeal on June 7, 2017.[2] On June 21, 2017, the trial court issued an order pursuant to Pa.R.A.P. 1925(b), requiring Appellant to file a concise statement of matters complained of on appeal. On

---

[2] Appellant filed one notice of appeal regarding each of the three dockets under which he was sentenced on October 4, 2016. Because this single notice of appeal for multiple dockets was filed before June 1, 2018, we will not quash this appeal. *See Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018) (holding that for notices of appeal filed after June 1, 2018, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case").

July 6, 2017, Appellant filed a timely concise statement, in which he reiterated the issues included in his post-sentence motion.

Appellant also requested leave to file a supplemental concise statement upon receipt of all relevant notes of testimony. The trial court granted that request on July 12, 2017. On December 11, 2017, once the transcripts were available, the trial court issued a second Rule 1925(b) order. On January 3, 2018, the trial court received a letter from Appellant dated December 27, 2017, indicating that he did not wish to file a supplemental statement.

Appellant raises the following question for our review: "Did the trial court err, both as a matter of law and an abuse of discretion, when it ignored all mitigating evidence and applied a rote sentencing formula rather than individualized sentencing?" Appellant's Brief at 6.

In support of his issue raised on appeal, Appellant argues that the trial court "failed to address [A]ppellant's age, family needs, three years without criminal conduct, prior mental health and substance abuse issues, and support network and instead sentenced reflexively because of recidivism." *Id.* at 14.

As an initial matter, we note that Appellant's notice of appeal was untimely as to his two violation of probation sentences. *See* Pa.R.Crim.P. 708(E) ("A motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition. The filing of a motion to modify sentence will not toll the 30-day appeal period."); *see also Commonwealth v. Coleman*, 721 A.2d 798, 799 (Pa. Super. 1998). However, we decline to find the challenge to these sentences waived because of a "breakdown in the

court's operation," since the trial court did not advise Appellant that filing a motion to modify would not toll the appeal period regarding his violation of probation sentences. *Commonwealth v. Parlante*, 823 A.2d 927, 929 (Pa. Super. 2003) (declining to quash an appeal where the trial court misstated the appeal period, which was a breakdown in court operations).

Nevertheless, Appellant has waived his issue that he was not afforded individualized sentencing based on certain mitigating factors since he raised it for the first time on appeal. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Indeed, the issues Appellant raised in his post-sentence motion and concise statement include that he was not credited for his acceptance of responsibility and entering guilty pleas, the trial court employed inapt sentencing guidelines, and the trial court improperly denied him RRRI eligibility. However, these issues have been abandoned on appeal, as Appellant merely argues in his appellate brief that he was not afforded individualized sentencing based on certain other mitigating factors.[3] As the issue in Appellant's brief was not

---

[3] We note the Pennsylvania Supreme Court's decision in *Commonwealth v. Rosado*, 150 A.3d 425 (Pa. 2016), which states that "the filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*." *Id.* at 434. However, typically, "claims of ineffective assistance of counsel are to be deferred to PCRA review." *Commonwealth v. Holmes*, 79 A.3d 562, 576 (Pa. 2013). Here, counsel's abandonment of the issues in the post-sentence motion and concise statement in favor of the unpreserved individualized sentencing issue raised in Appellant's brief might constitute ineffective assistance of counsel. *See Rosado*, 150 A.3d at 434. Nevertheless, to obtain relief, Appellant must raise this claim in a timely filed PCRA petition under the rubric of ineffective assistance of counsel. *See Holmes*, 79 A.3d at 576.

preserved in a post-sentence motion, it is waived. **_See Commonwealth v. Dunphy_**, 20 A.3d 1215, 1220 (Pa. Super. 2011) (requiring discretionary aspects of sentencing issues to be preserved in the trial court to be considered on appeal).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/18