**[J-79-2016]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 92 MAP 2015 |
| | : | |
| Appellee | : | Appeal from the Order of the Superior |
| | : | Court dated April 17, 2015 at 2474 EDA |
| | : | 2014 affirming the PCRA Order of the |
| v. | : | Court of Common Pleas of Monroe |
| | : | County, Criminal Division, dated July |
| | : | 18, 2014 at CP-45-CR-0000018-2012 |
| FRANKIE ROSADO, | : | |
| | : | SUBMITTED:  June 8, 2016 |
| Appellant | : | |

<u>OPINION</u>

**JUSTICE TODD**                                               **DECIDED:  November 22, 2016**

In this appeal, we consider whether filing an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*.[1]  After careful review, we hold that it does, and so we vacate the Superior Court's order and remand to that court for further proceedings.

The factual and procedural history of this matter is straightforward.  In 2012, Appellant Frankie Rosado was accused of sexually abusing his former girlfriend's teenage daughter, whereupon he was charged with one count each of indecent assault, corruption of minors, and unlawful contact with minor.[2]  Appellant, then represented by

---

[1] As detailed below, an accused seeking relief on the basis of ineffective assistance of counsel must typically demonstrate that his counsel's errors caused him prejudice; however, in certain limited circumstances, he may alternatively demonstrate that his counsel's errors are so plainly egregious as to amount to a constructive denial of counsel, which constitutes ineffective assistance of counsel *per se*.  <u>See</u> <u>Strickland v. Washington</u>, 466 U.S. 668, 692-94 (1984); <u>United States v. Cronic</u>, 466 U.S. 648, 659 (1984).

[2] 18 Pa.C.S. §§ 3126, 6301, and 6318, respectively.

a public defender, proceeded to trial, whereafter he was convicted of the aforementioned offenses and later sentenced to an aggregate term of 33 to 69 months imprisonment.

Appellant hired new counsel (hereinafter "Appellate Counsel") to represent him at the post-sentencing and appellate stages of his case. Appellate Counsel filed a post-sentence motion raising, as relevant here, a sufficiency-of-the-evidence claim, but the trial court denied relief. Appellate Counsel then filed a notice of appeal to the Superior Court, whereupon the trial court issued an order directing him to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellate Counsel filed a document styled as a "preliminary" concise statement, wherein he raised three issues: (1) whether Appellant's sentence was "an abuse of discretion"; (2) whether the trial court erred in excluding evidence that the alleged victim had previously accused her father of sexual abuse; and (3) whether a juror fraudulently concealed bias during *voir dire*. Appellate Counsel also attached a copy of his post-sentence motion to the "preliminary" concise statement, erroneously believing that doing so would preserve the claims raised therein for purposes of appeal, and requested additional time to file a "final" concise statement, which the trial court granted.[3] However, Appellate Counsel never filed a revised concise statement, and, accordingly, the trial court considered the three claims raised in the extant concise statement, and issued a Pa.R.A.P. 1925(a) opinion rejecting those claims. Appellate Counsel then filed an appellate brief with the Superior Court, in which, deciding to abandon the three claims raised in his concise

---

[3] In the "preliminary" concise statement, Appellate Counsel refers to or incorporates the post-sentence motion only in two respects: with respect to the procedural background set forth therein, and with respect to the claim that the trial court abused its discretion in sentencing Appellant.

statement and addressed by the trial court, he raised as his sole appellate issue the unpreserved sufficiency claim.

In an unpublished memorandum opinion, the Superior Court, while noting the three issues preserved in Appellant's concise statement, found the sufficiency claim to be waived, as it was not included therein. Commonwealth v. Rosado, No. 2754 EDA 2012 (Pa. Super. filed Jul. 23, 2013). Accordingly, the court did not address any of Appellant's preserved claims or his sufficiency claim, and, as a result, it summarily affirmed.

Appellant later filed a Post Conviction Relief Act ("PCRA")[4] petition asserting, inter alia, that Appellate Counsel's above-detailed conduct constituted ineffective assistance of counsel per se, and thus seeking reinstatement of his appellate rights nunc pro tunc. The PCRA court held an evidentiary hearing, at which Appellate Counsel testified that he believed that attaching his post-sentence motion to his concise statement was sufficient to preserve the claims raised for purposes of appeal, and that he abandoned the three preserved claims in an effort to more persuasively argue his sufficiency claim. Ultimately, the PCRA court found that Appellate Counsel's conduct did not amount to ineffectiveness per se, and, accordingly, denied relief. Appellant appealed to the Superior Court.

In an unpublished memorandum opinion, the Superior Court affirmed. Commonwealth v. Rosado, No. 2474 EDA 2014 (Pa. Super. filed Apr. 17, 2015). The court first quoted extensively from the PCRA court's Rule 1925(a) opinion regarding the doctrine of ineffective assistance of counsel per se as it applies to appeals in Pennsylvania:

---

[4] 42 Pa.C.S. §§ 9541 et seq.

There are two types of ineffective assistance of counsel. The first is ineffectiveness under Strickland v. Washington, 466 U.S. 668 (1984), as adopted in Pennsylvania by Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987), which requires the defendant to demonstrate that he was prejudiced by an act or omission of his attorney.

* * *

The second type of ineffectiveness of counsel is ineffectiveness *per se* under United States v. Cronic, 466 U.S. 648 (1984), decided the same day as Strickland, in which the United States Supreme Court categorized circumstances where prejudice will be presumed and need not be proven. The presumption is based on the High Court's recognition that there are "some circumstances so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." (Id. at 658).

In Commonwealth v. Brown, 18 A.3d 1147 (Pa. Super. 2011), our Superior Court collected cases that outline the various situations where counsel has been held to be ineffective *per se* and analyzed the differences between a Cronic violation and a Strickland/Pierce allegation of ineffective assistance of counsel.

* * *

The recognized instances of *per se* ineffectiveness entitling a defendant to automatic relief are extremely narrow. Commonwealth v. Halley, 582 Pa. 164, 870 A.2d 795 (2005) (counsel did not file a Pa.R.A.P. 1925(b) statement and waived all issues, thereby denying the defendant his constitutional right to direct appeal); Commonwealth v. Liebel, 573 Pa. 375, 825 A.2d 630 (2003) (attorney did not file a petition for allowance of appeal, as requested by the defendant, and denied his client the right to seek discretionary review with our Supreme Court); Commonwealth v. Lantzy, 558 Pa. 214, 736 A.2d 564, 572 (1999) (lawyer did not file a direct appeal, despite defendant[']s request); see also Commonwealth v. Burton, 973 A.2d 428 (Pa. Super. 2009) (filing of an untimely 1925(b) statement); Commonwealth v. Bennett, 593 Pa. 382,

930 A.2d 1264 (2007) (not filing an appellate brief so defendant did not obtain direct review).

On the other hand, the types of actions or inactions that are not subject to Cronic are legion. E.g. Commonwealth v. Reed, 601 Pa. 257, 971 A.2d 1216, 1226 (2009) ("filing an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate so as to warrant a presumption of prejudice under Cronic"); . . . [sic] Commonwealth v. Reaves, 592 A.2d 134, 923 A.2d 1119 (2007) (narrowing ambit of reviewable issues on appeal does not constitute *per se* ineffectiveness)[.]

Rosado, No. 2474 EDA 2014 at 6-8 (quoting PCRA Court Opinion, 10/31/14, at 6-9). The Superior Court then rejected Appellant's claim that Appellate Counsel's conduct constituted ineffective assistance of counsel *per se*:

Here, Appellant's appeal was timely filed, a Pa.R.A.P. 1925(b) statement was filed, and this Court acknowledged the claim Appellate Counsel chose to raise on appeal. These facts vitiate Appellant's claim of *per se* ineffectiveness. As discussed above, because Appellate Counsel litigated Appellant's direct appeal, Appellant's claim of ineffectiveness must be reviewed using the tripartite test of Strickland/Pierce. See also Commonwealth v. West, 883 A.2d 654, 658 n.5 (Pa. Super. 2005) (explaining that *per se* ineffectiveness does not occur when counsel elected to pursue certain issues in the Pa.R.A.P. 1925(b) statement and omitted others).

In Appellant's direct appeal, we found Appellant waived the only issue appellate counsel chose to raise. This fact, however, does not transform his claim into one of *per se* ineffectiveness. See [Reed, 971 A.2d at 1226] ("filing an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate so as to warrant a presumption of prejudice under Cronic").

Id. at 8-9.  Accordingly, the court concluded that Appellant was required to demonstrate that Appellate Counsel's errors caused him prejudice, and, finding he had not done so, affirmed the PCRA court's denial of relief.

Appellant timely sought, and this Court granted, allowance of appeal to consider whether filing an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*.  Commonwealth v. Rosado, 129 A.3d 1237 (Pa. 2015) (order).

Before us, the parties' arguments essentially offer two views of our jurisprudence in this area.  Appellant contends that the Superior Court erred in rejecting his claim because it ignored "clear similarities" between the attorneys' conduct in Lantzy, Halley, Bennett, and Liebel – *i.e.*, the failure to file a requested appeal, concise statement, appellate brief, and petition for allowance of appeal, respectively – and Appellate Counsel's conduct herein.  Appellant's Brief at 8.  Specifically, Appellant submits that Appellate Counsel's filing of a brief containing no preserved issue is functionally equivalent to not filing a brief – as was the case in Bennett – and, in any event, Appellate Counsel's actions caused the complete forfeiture of merits review – as was the case in each of the aforementioned cases.  Thus, Appellant views our earlier decisions in this area as drawing a distinction between attorney errors which cause *complete* deprivation of appellate review – which constitute ineffective assistance of counsel *per se* – and attorney errors causing *partial* deprivation of appellate review – which do not.[5]

---

[5] Appellant also presents a single-paragraph argument that, even if Appellate Counsel's conduct does not constitute ineffective assistance of counsel *per se*, he has established that Appellate Counsel's conduct caused him prejudice, and, thus, is entitled to relief under the Strickland/Pierce framework.  Appellant's claim in this regard is outside the scope of our grant of allowance of appeal, which was limited to the issue of whether Appellate Counsel was ineffective *per se*.

The Commonwealth, by contrast, advances a competing view, consistent with the Superior Court's reasoning below, that this Court's decisions in Lantzy and its progeny apply only where counsel fails to file a document necessary to preserve review, and that, once those documents are properly filed, any defects therein are governed by Reed's holding that merely filing a brief which is deficient in some way does not give rise to a claim of ineffective assistance of counsel *per se.* See Commonwealth's Brief at 10. Moreover, the Commonwealth echoes our concern, expressed in Reed, that extending Lantzy to the context of defective appellate briefs would "transform the exception" of ineffective assistance of counsel *per se* "into a rule," as, in its view, "[t]o delve into the substance of the actual content [of a brief] in order to make a finding of *per se* ineffectiveness would in practice, do away with the Strickland/Pierce standard." Id. at 11-12.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.[6] The right to counsel is not a mere hollow formality satisfied by "trial alongside . . . a person who happens to be lawyer," but, instead, "is the right to the *effective assistance of counsel.*" Strickland, 466 U.S. at 685-66 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970)) (emphasis added); see also Commonwealth v. Albert, 561 A.2d 736, 738 (Pa. 1989) ("It is axiomatic that the right to counsel includes the concomitant right to effective assistance of counsel.").

---

[6] Appellant's claim is based on the Sixth Amendment's right to counsel, which applies, via the Fourteenth Amendment's guarantee of due process, to state proceedings carrying a potential sentence of imprisonment. See Argersinger v. Hamlin, 407 U.S. 25 (1972).

Generally, an accused asserting that he has been denied his constitutional right to effective assistance of counsel must demonstrate that counsel engaged in errors which caused him prejudice – i.e., that "there is a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In Pennsylvania, we have set forth the Strickland standard as a three-part test, requiring an accused to show that (1) his underlying claim is of arguable merit; (2) counsel's action or inaction lacked a reasonable strategic basis; and (3) but for counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. See Pierce, supra. However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted. See Cronic, 466 U.S. at 658-59 ("There are . . . circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. Most obvious, of course, is the complete denial of counsel." (footnote omitted)); Strickland, 466 U.S. at 692 ("Actual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice."); Lantzy, 736 A.2d at 571 ("[A]ctual or constructive denial of the assistance of counsel falls within a narrow category of circumstances in which prejudice is legally presumed.").[7]

This Court has considered claims that an accused's attorney's errors amounted to a constructive denial of counsel in the context of appeals, and has done so with

---

[7] Ineffectiveness *per se* may also be shown, *inter alia*, where (1) the state interferes with the assistance of counsel; (2) counsel fails to subject the prosecution's case to meaningful adversarial testing; or (3) counsel's representation is affected by his or her representation of adverse interests. See Strickland, 466 U.S. at 691-93; Cronic, 466 U.S. 658-62; Bell v. Cone, 535 U.S. 685, 695-96 (2002).

special solicitude for an accused's Pennsylvania constitutional right to appeal. See Pa. Const. art. V, § 9; Commonwealth v. Wilkerson, 416 A.2d 477, 479 (Pa. 1980) ("[A]n accused has an absolute right to appeal . . . and counsel can be faulted for allowing that right to be waived"). In Lantzy, we addressed an accused's claim that his counsel's failure to perfect an appeal constituted ineffective assistance of counsel *per se*. [8] In an opinion authored by then-Justice, now-Chief Justice Saylor, we held that counsel's errors were so egregious as to amount to a constructive denial of counsel, and therefore constituted ineffective assistance of counsel *per se*:

> Strickland . . . expressly acknowledges that actual or constructive denial of the assistance of counsel falls within a narrow category of circumstances in which prejudice is legally presumed. Strickland, 466 U.S. at 692. Since the failure to perfect a requested appeal is the functional equivalent of having no representation at all, Strickland, on its own terms, establishes the right to relief. Additionally, . . . since Article V, Section 9 of the Pennsylvania Constitution guarantees a direct appeal as of right, see [Wilkerson], a failure to file or perfect such an appeal results in a denial so fundamental as to constitute prejudice *per se*.

Lantzy, 736 A.2d at 571 (some citations omitted).

---

[8] Therein, Lantzy pled guilty to theft and related offenses, and was sentenced accordingly, whereupon counsel filed post-sentence motions seeking to withdraw the plea or modify his sentence, as well as a notice of appeal. Lantzy, 736 A.2d at 555. The trial court did not expressly grant reconsideration, but nevertheless entertained the motions, and, in the interim, Lantzy's time to file his appellate brief lapsed. Id. at 555-56. Meanwhile, Lantzy and the Commonwealth reached an agreement whereby Lantzy would abandon his appeal in exchange for a lesser sentence, and the trial court approved the same, issuing an order modifying his sentence, and permitting counsel to withdraw his appearance. Id. at 556. Lantzy, now *pro se*, filed another set of post-sentence motions, which the trial court denied, and a notice of appeal. Id. The Superior Court, reasoning that Lantzy's initial appeal had lapsed and that the trial court's failure to grant reconsideration divested it of jurisdiction to issue its order modifying his sentence, quashed the appeal and reinstated the original sentence, leaving Lantzy with no way to appeal. Id.

Subsequently, in Liebel, we considered an accused's challenge to his counsel's failure to file a requested petition for allowance of appeal to this Court. We held that this error, too, amounted to a constructive denial of counsel and constituted ineffective assistance of counsel *per se*:

> In Lantzy, . . . [w]e reasoned that counsel's unjustified failure to perfect a requested appeal is the functional equivalent of having absolutely no representation at all on direct appeal, a clear violation of the federal and state constitutional right to counsel .
>
> \* \* \*
>
> [W]e find the reasoning of Lantzy equally persuasive in the circumstances presented by this case. Here, appellate counsel . . . simply failed to file a [petition for allowance of appeal] on [the accused's] behalf. . . . Such a failure cannot be regarded as anything less than providing [the accused] with *no* representation at all on that [petition for allowance of appeal], a clear violation of [the accused's] rule-based right to counsel.

Liebel, 825 A.2d at 635.

Next, in Halley, we addressed an accused's claim that his counsel's failure to file a court-ordered Pa.R.A.P. 1925(b) statement, which resulted in waiver of all his claims for purposes of appeal,[9] constituted ineffective assistance of counsel *per se*. In another opinion authored by now-Chief Justice Saylor, we concluded that extending Lantzy was "but a modest and incremental step":

> Lantzy's reasoning expressly subsumed not only the unjustified failure to file a requested direct appeal, but also, the failure to perfect the appeal. See Lantzy, 736 A.2d at 571 (indicating that "a failure to file *or perfect* such an appeal results in a denial so fundamental as to constitute prejudice *per se*" (emphasis added)). Since . . . the submission of a court-ordered Rule 1925(b) statement is a prerequisite to

---

[9] See Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998).

> appellate merits review, the Rule 1925(b) statement (when directed) is elemental to an effective perfection of the appeal. <u>See</u> Black's Law Dictionary 1173 (8th ed. 2004) (defining the act of perfecting as "tak[ing] all [the] legal steps necessary to complete, secure, or record a claim, right, or interest"). Thus, <u>Lantzy</u>'s reasoning applies by its terms to counsel's dereliction in this case, which left Appellant without an ability to challenge his conviction and sentence by means of the direct appeal.

<u>Halley</u>, 870 A.2d at 800 (some citations omitted and emphasis and alterations original). We distinguished counsel's failure to file a Pa.R.A.P. 1925(b) statement, occasioning waiver of *all* claims for purposes of appeal, from a failure to preserve particular claims; we held the first constitutes ineffectiveness *per se*, while the second does not:

> [I]t is well established that the decision whether to presume prejudice or to require an appellant to demonstrate actual prejudice "turns on the magnitude of the deprivation of the right to effective assistance of counsel." As we observed in <u>Lantzy</u>, the failure to perfect a requested direct appeal is the functional equivalent of having no representation at all. . . . *The difference in degree between failures that completely foreclose appellate review, and those which may result in narrowing its ambit, justifies application of the presumption in the more extreme instance.*

<u>Id.</u> at 801 (citations omitted and emphasis added). Additionally, we found that maintaining the distinction between errors causing waiver of *all* claims and those failing to preserve particular claims appropriately prevented the exceptional doctrine of ineffective assistance of counsel *per se* from engulfing the general rule that an accused must demonstrate that counsel's errors caused him prejudice. <u>Id.</u> ("[T]he limiting principle arising from the recognition of such difference in degree addresses the . . . concern that the presumption should not extend to every circumstance in which a defendant may claim no effective appeal." (citations omitted)).

Our subsequent decisions have maintained Halley's distinction between errors which completely foreclose merits review and those which merely "narrow its ambit." Thus, in Reaves, we held an attorney's failure to file a post-sentence motion preserving a particular sentencing claim "did not operate to entirely foreclose appellate review," but merely "waive[d] . . . those claims subject to issue preservation requirements which were not otherwise properly preserved." Reaves, 923 A.2d at 1128-29. By contrast, in Bennett, wherein an accused's counsel failed to file an appellate brief, we explained that the claim emanated from Lantzy and Halley, as counsel's failure to file a brief was not a "situation . . . in which counsel has narrowed the ambit of appellate review" but, rather, "has failed to file an appeal at all." Bennett, 930 A.2d at 1273. In Commonwealth v. Mallory, 941 A.2d 686 (Pa. 2008), we held that counsel's failure to object that his client was not afforded a jury trial waiver colloquy was "unlike the presumed prejudice scenarios found in Lantzy and Halley, where counsel's lapse caused the complete default of direct appeals requested by the client." Id. at 197. Similarly, in Commonwealth v. Steele, 961 A.2d 786 (Pa. 2008), we held that an attorney who, at the penalty phase of his client's capital murder case, gave a cursory argument and then exited the courtroom, leaving co-counsel in place, had not "entirely failed to function as [the client's] advocate." Id. at 810-12.

Finally, and of particular importance herein, in Reed, we considered whether filing a deficiently composed appellate brief warranted a finding of ineffective assistance of counsel *per se.* Therein, the accused was convicted at a bench trial of murder and related offenses, and sentenced to life imprisonment; he appealed, raising an evidentiary claim that the admission of certain prior bad acts evidence had undermined his extant diminished capacity defense. Id. at 1217-19. The Superior Court concluded

that the accused had waived his claims by failing to adequately prepare his appellate brief and certified record:

> We have examined the record in light of these standards, and conclude that [Reed] is not entitled to relief for several reasons. First, [Reed's] argument is not developed sufficiently for us to conduct meaningful appellate review. Failure to provide argument with appropriate citation to authority results in waiver of the issue.
>
> Second, [Reed's] brief refers to evidence in the notes of testimony, but the notes of testimony are not included in the certified record. Thus, we are unable to read the testimony and evaluate [Reed's] argument.
>
> It is an appellant's duty to ensure that the certified record is complete for purposes of review. We decline to review this issue with an incomplete record, and consider the issue to be waived.

971 A.2d at 1219 (quoting Commonwealth v. Reed, No. 2909 EDA 2003, unpublished memorandum at 7-9 (Pa. Super. filed June 9, 2005)). Nevertheless, assuming *arguendo* that the accused had not waived his claim, the court rejected it, reasoning: (1) his argument was undermined by the fact that he was convicted at a bench trial, where the presiding judge is presumed not to be influenced by exposure to prejudicial evidence; and (2) the evidence was admissible under the rule that prior bad acts evidence may be introduced to show Reed's degree of preparation and, more generally, the *res gestae* of the case. Id.

The accused subsequently filed a PCRA petition challenging his appellate attorney's failure to develop his brief as ineffective assistance of counsel *per se*, and the lower courts denied relief. On appeal to this Court, we reviewed some of the foregoing authorities, and rejected his claim:

[W]e . . . conclude that the filing of an appellate brief, deficient in some aspect or another, does not constitute a complete failure to function as a client's advocate so as to warrant a presumption of prejudice under Cronic. Unlike the case in Lantzy, Halley, and Liebel, . . . Reed's direct appeal counsel's conduct in the instant case did not deprive Reed of his constitutional right to appeal. Significantly, Reed's direct appeal counsel filed a timely notice of appeal, which was docketed with the prothonotary. Although the Superior Court . . . opined that counsel's failure to provide appropriate citation to authority and a copy of the notes of testimony resulted in waiver of Reed's argument, the court did not quash Reed's appeal. Indeed, the issues apparently were sufficiently presented to allow the court to address the merits of Reed's arguments, as the court indicated that it reviewed the evidence and the record. . . . At most, the Superior Court's review of Reed's arguments on the record before it may be viewed as a "narrowing of the ambit" of Reed's appeal. Moreover, to extend the [doctrine of ineffective assistance of counsel *per se*] to cases involving a defect in an appellate brief essentially would transform the exception into a rule, as many appellate briefs contain at least one arguable defect.

Id. at 1226-27 (citations omitted).[10]

Upon review of these cases, we conclude that Appellant's interpretation of our jurisprudence in this area is correct. As demonstrated *supra*, this Court has, since Halley, held that errors which *completely* foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per se*, whereas those which only *partially* foreclose such review are subject to the ordinary Strickland/Pierce framework. Moreover, contrary to the suggestion of the lower courts

---

[10] Notably, now-Chief Justice Saylor dissented, opining that Reed's attorney's failure to develop his brief had "foreclose[d] effective merits review," that such error was "the functional equivalent of having no counsel at all," and that the distinction between undeveloped briefs that completely foreclosed merits review and those that did not was a sufficient limiting principle. Reed, 971 A.2d at 1227 (Saylor, J., dissenting).

and the Commonwealth, <u>Reed</u> did not modify this analytical approach, but, rather, confirmed it. Indeed, as detailed above, <u>Reed</u> involved an appellate brief which, although the Superior Court opined was so deficiently developed as to warrant a finding of waiver, was "apparently . . . sufficiently presented to allow the court to address the merits of Reed's arguments." <u>Reed</u>, 971 A.2d at 1226. In light of <u>Halley</u>'s distinction between errors completely foreclosing review and those merely "narrowing the ambit" of appellate review, this fact was critical, as this Court reasoned, noting that, "[a]t most, the Superior Court's review of Reed's arguments on the record before it may be viewed as a 'narrowing of the ambit' of Reed's appeal." <u>Id.</u> at 1226-27. In other words, the brief in <u>Reed</u> was not so underdeveloped as to completely foreclose appellate review, but, rather, presented a less robust version of Reed's underlying evidentiary claim, which the Superior Court reviewed on its merits, precluding a finding that his attorney's errors caused a complete deprivation of merits review.[11]

Moreover, the filing of a brief that raises only waived issues, while technically distinct, is nonetheless akin to failing to file documents perfecting an appeal. There is no meaningful difference between an attorney who fails to file a notice of appeal, Rule 1925(b) statement, brief, or petition for allowance of appeal – thereby forfeiting his

---

[11] Indeed, we observe that the Superior Court has itself noted the distinction between a brief so poor as to warrant a finding of waiver, which gives rise to a claim of ineffective assistance of counsel *per se*, and one which is merely deficient in some aspect or another. See <u>Commonwealth v. Franklin</u>, 823 A.2d 906 (Pa. Super. 2003) (finding that filing a brief so underdeveloped as to waive all claims for purposes of appeal constitutes ineffective assistance of counsel *per se*); <u>Commonwealth v. Mikell</u>, 968 A.2d 779 (Pa. Super. 2009) (relying on <u>Halley</u> to conclude that a brief that waived *some* claims for purposes of appeal did not give rise to a claim of ineffective assistance of counsel *per se*); <u>Commonwealth v. Fink</u>, 24 A.3d 426 (Pa. Super. 2011) (noting that filing a brief so underdeveloped as to waive all claims for purposes of appeal constituted ineffective assistance of counsel *per se*, and distinguishing <u>Reed</u> on the basis that the Superior Court therein was able to conduct merits review, in some measure, of Reed's evidentiary claim).

client's right to appeal – and one who makes all necessary filings, but does so relative solely to claims he has not preserved for appeal, producing the same end. In both situations, counsel has forfeited all meaningful appellate review.

Furthermore, although the Commonwealth's view that its proposed limitation on Lantzy and its progeny is more judicially administrable because it draws a clear distinction between claims of ineffective assistance of counsel *per se* and those subject to the Strickland/Pierce framework is well-taken, we do not view it as significantly more advantageous in this context than the rule in Halley. Particularly where, as herein, an attorney has matter-of-factly forfeited *all* preserved claims of error in favor of unpreserved ones, it is a straightforward matter for an appellate court to conclude the claims are waived. Indeed, unlike in Reed, where the Superior Court was required to contemplate the degree to which review could be performed despite counsel's errors, and could consider the merits of issues from the arguments made with respect to them in the brief, here, no such analysis was required: due to counsel's actions, the only claim raised, by virtue of its omission from the Rule 1925(b) statement, was manifestly waived. Moreover, as we indicated in Halley, the distinction between errors causing complete deprivation of review and those causing only partial deprivation of review plainly "addresses the . . . concern that the presumption should not extend to every circumstance in which a defendant may claim no effective appeal." Halley, 870 A.2d at 801. Accordingly, we hold that the filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se.*

Here, although preserving three claims of trial court error in his Rule 1925(b) statement, Appellate Counsel completely abandoned those claims on appeal and, instead, raised an unpreserved sufficiency-of-the-evidence challenge, occasioning a

complete waiver of all merits review. In light of this complete default, we find the Superior Court's observations that "Appellant's appeal was timely filed, a Pa.R.A.P. 1925(b) statement was filed, and [the Superior Court] acknowledged the claim [Appellate Counsel] chose to raise on appeal" of little value. Rosado, No. 2474 EDA 2014 at 8 (Pa. Super. filed Apr. 17, 2015). Nor do we agree with the Superior Court's characterization that Appellate Counsel "litigated Appellant's direct appeal." Id. On the contrary, Appellate Counsel's errors herein *precluded* litigation of Appellant's direct appeal.

Thus, we vacate the Superior Court's order affirming Appellant's judgment of sentence, and we remand to that court for further proceedings consistent with this opinion.

Jurisdiction relinquished.

Justices Baer, Donohue and Dougherty join the opinion.

Chief Justice Saylor files a concurring opinion in which Justices Wecht and Mundy join.