J-A03010-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN EUGENE NAGLE | : | |
| | : | |
| Appellant | : | No. 352 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 1, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001534-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KEVIN EUGENE NAGLE | : | |
| | : | |
| Appellant | : | No. 353 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 1, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0001535-2017

BEFORE:  LAZARUS, J., STABILE, J., and DUBOW, J.

JUDGMENT ORDER BY DUBOW, J.: **FILED JUNE 16, 2020**

Appellant, Kevin Eugene Nagle, appeals from the Judgments of Sentence imposed at two criminal dockets, both entered on October 1, 2018, in the York County Court of Common Pleas, following a jury trial resulting in his conviction for two counts of Institutional Assault, one count of Indecent

Assault, and two counts of Corruption of Minors.[1] Based on our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018), we quash this appeal.[2]

On July 16, 2018, a jury trial commenced, and thereafter, the jury convicted Appellant of all charges. The trial court deferred sentencing pending a pre-sentence investigation and an evaluation by the Sexual Offender Assessment Board. On October 1, 2018, the court imposed an aggregate sentence of one year minus two days to two years minus two days of incarceration, followed by three years of probation. In addition, the court informed Appellant that he was required to register as a sex offender for his lifetime.[3]

Appellant timely filed a Post-Sentence Motion, which the court ultimately denied. On February 22, 2019, Appellant electronically filed a single Notice of Appeal, referencing two criminal dockets: CP-67-CR-0001534-2017 and CP-67-CR-0001535-2017. Thereafter, Appellant filed a court-ordered Pa.R.A.P. 1925(b) Statement, and the trial court issued a responsive Opinion.

On March 19, 2019, noting that Appellant's Notice of Appeal referenced multiple dockets, this Court directed Appellant to show cause why we should

_____

[1] 18 Pa.C.S. §§ 3124.2(a.2)(1), 3126(a)(1), and 6301(a)(1)(i), (ii), respectively.

[2] We hereby lift the Stay entered on January 28, 2020.

[3] The court determined that he was not a sexually violent predator.

not quash this Appeal as a violation Pennsylvania Rule of Appellate Procedure 341(a).

> Counsel for Appellant responded in relevant part:
>
> On February 22, 2019[,] a notice of appeal was filed electronically at York County Dockets CP-67-CR-1534-2017 and CP-67-CR-1535-2017. York County Docket CP-67-CR-1535-2017 was designated as a "related case" in the electronic filing process. Undersigned believed that since two separate filing fees on each docket were invoiced and paid to both the Clerk of the Court of the York County Court of Common Pleas and the Superior Court, that the single Notice of Appeal would be docketed as a Notice of Appeal at each docket, thereby satisfying the dictates of Commonwealth v. Walker, 185 A.3d 969 (Pa. 2018).

Appellant's Letter Response, 3/20/19, at 1 (unpaginated; footnote omitted).

In June 2018, our Supreme Court disapproved of the common practice of filing a single notice of appeal from an order or judgment involving more than one docket number. **See generally Walker**, **supra**. The Court observed that "the proper practice under [Pa.R.A.P.] 341(a) is to file separate appeals from an order that resolves issues arising on more than one docket." **Walker**, 185 A.3d at 977. Accordingly, the Court determined, "[t]he failure to do so requires the appellate court to quash the appeal." **Id.**

In this case, Appellant electronically filed a single Notice of Appeal from the Judgments of Sentence imposed at two separate docket numbers.

Appellant's appeal postdates the **Walker** decision. Accordingly, we are constrained to quash this appeal.[4]

Stay lifted. Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2020

---

[4] Counsel's failure to perfect Appellant's appellate rights constitutes ineffectiveness *per se*. **Commonwealth v. Rosado**, 150 A.3d 425, 434 (Pa. 2016) ("[Counsel's] failure to file or perfect . . . an appeal results in a denial so fundamental as to constitute prejudice *per se*.") (citation omitted). Thus, Appellant should seek reinstatement of his direct appellate rights by filing a petition for collateral relief under the Post Conviction Relief Act. **See** 42 Pa.C.S. §§ 9541-46.