J-S26031-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK HOWARD | : | |
| | : | |
| Appellant | : | No. 1715 WDA 2019 |

Appeal from the Judgment of Sentence Entered October 21, 2019
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-SA-0000121-2019

BEFORE:  MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    **FILED JUNE 30, 2020**

Mark Howard (Howard) appeals from the judgment of sentence imposed following his bench conviction in the Court of Common Pleas of Erie County (trial court) of the summary offense of harassment for his course of conduct in the form of verbal altercations with his neighbor, June Walton (Walton).[1] Because we find that Howard's Pa.R.A.P. 1925(b) statement is so deficient that it results in waiver of all appellate issues and constitutes ineffective assistance of counsel *per se*, we remand for further proceedings consistent with this Memorandum.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2709(a)(3).

**I.**

Howard and Walton are adjacent property owners in Millcreek Township and have been involved in several incidents at their properties requiring police intervention. The allegations center on the parties yelling at one another and engaging in intimidating and harassing behaviors, such as name-calling and shouting expletives, as well as Howard releasing two German Shepard dogs onto Walton's property. Policer Officer Katrina Kuhl responded to most of the calls and instructed the parties to stay away from one another after each occasion. A July 9, 2019 dispute at an Aldi's led to the instant charge, during which Walton called police claiming that Howard and his wife followed her to the store and were yelling obscenities at her in the parking lot. Officer Kuhl spoke to both parties at the Aldi's. Howard denied following Walton to the store and claimed that Walton starting yelling at him and his wife when they arrived and began filming them. Officer Kuhl issued citations for harassment to both Howard and Walton. A video surveillance tape at the Aldi's captured a portion of the incident and Officer Kuhl viewed it before the originals were destroyed as part of the store's routine recordkeeping protocol.

On July 31, 2019, the Magisterial District Judge presiding over the case convicted Howard and Walton of summary harassment and sentenced each of them to a fine plus costs. Howard and Walton filed notices of appeal from the summary convictions and the trial court held a hearing on both appeals on

October 21, 2019, at which Howard, Walton and Officer Kuhl testified.[2]  The trial court denied Howard's summary appeal and found him guilty of harassment; it vacated Walton's summary conviction.  The court sentenced Howard to a fine of $150.00 plus costs.  It denied Howard's post-sentence motions.  This timely appeal followed.  Howard filed a 1925(b) statement and the trial court entered an opinion.  *See* Pa.R.A.P. 1925(a)-(b).

## II.

In his challenge to his conviction of summary harassment, Howard contends the trial court violated his due process rights by failing to follow Pennsylvania Rules of Criminal Procedure 121 and 462 relating to his right to counsel and the trial court's obligation to announce the sentence in open court, respectively.  Howard also challenges the sufficiency of the evidence supporting his conviction.

## A.

Preliminarily, we must address the adequacy of Howard's Rule 1925(b) statement to preserve these claims.  The position of the trial court and the Commonwealth is that Howard waived his issues by failing to include them with specificity in his Rule 1925(b) statement, in which he listed only vague generic claims challenging the sufficiency and weight of the evidence and

---

[2] Howard chose to go forward with the proceeding without counsel, who could not appear due to a death in his family.  (*See* N.T. Trial, 10/21/19, at 3).

averring that the verdict was contrary to the law. (*See* Trial Court Opinion, 1/22/20, at 2-3, 8; Commonwealth's Brief, at 3; Rule 1925(b) statement, 12/19/19).[3]

It is well-settled that "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Kearney**, 92 A.3d 51, 59 (Pa. Super. 2014), *appeal denied*, 101 A.3d 102 (Pa. 2014) (citation omitted); **see also** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement . . . are waived."). Furthermore, with respect to Howard's sufficiency claim, "we have repeatedly held that in order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Pa.R.A.P. 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." **Commonwealth v. Ellison**, 213 A.3d 312, 320 (Pa. Super. 2019)*, appeal*

---

[3] Specifically, Howard raised the following allegations of error:

> 1. Trial Judge erred by finding Defendant guilty when the Commonwealth failed to provide sufficient evidence.
>
> 2. Trial Judge erred by failing to grant a judgment of acquittal based on the sufficiency of the evidence.
>
> 3. Trial Judge erred by failing to grant a new trial based on the weight of the evidence.
>
> 4. Trial Judge erred by failing to grant an arrest of judgment since the verdict is contrary to the law.

(Rule 1925(b) Statement, 12/19/19).

*denied*, 220 A.3d 531 (Pa. 2019) (citation omitted). "Therefore, when an appellant's 1925(b) statement fails to specify the element or elements upon which the evidence was insufficient, the sufficiency issue is waived on appeal." *Id.* (citation omitted).

Instantly, in his Rule 1925(b) statement, Howard not only failed to identify the elements upon which the he alleges the evidence was insufficient, he neglected to mention his due process claims relating to Pa.R.Crim.P. 121 and 462 at all. (*See* Rule 1925(b) Statement, 12/19/19). Accordingly, we agree with the trial court and the Commonwealth that his issues on appeal are waived. *See Commonwealth v. Parrish*, 224 A.3d 682, 701 (Pa. 2020) (Where appellate counsel has wholly failed to identify with sufficient detail the issues to be raised on appeal in a Rule 1925(b) statement, those issues are waived).

## B.

Because this disposition results in the waiver of all of Howard's claims, we next address the impact of counsel's inadequate filing. The recognized instances of *per se* ineffectiveness are extremely narrow. *See Commonwealth v. Rosado*, 150 A.3d 425, 427 (Pa. 2016); *see also* Pa.R.A.P. 1925(c)(3) (listing certain instances where remand is appropriate in criminal cases due to *per se* ineffective assistance of counsel). In *Rosado*, our Supreme Court held in a case on direct appeal that "errors which **completely** foreclose appellate review amount to a constructive denial of

counsel and thus ineffective assistance *per se* . . . " *Id.* at 438 (emphasis in original). Where *per se* ineffectiveness has been established, counsel's ineffectiveness will be presumed and need not be proven. *See id.* at 428.

In *Parrish*, *supra*, our Supreme Court considered whether counsel's filing of a deficient Rule 1925(b) statement resulting in waiver of all claims on appeal constituted ineffective assistance of counsel *per se*. Citing *Rosado*, the *Parrish* Court held that counsel's filing of a vague 1925(b) statement that effectively forfeited the defendant's right to appellate review constitutes *per se* ineffectiveness. *See Parrish*, *supra* at 701-02.[4]

Accordingly, consistent with the foregoing authority, we remand this case to the trial court to appoint new counsel for Howard and for the preparation of a new Rule 1925(b) statement *nunc pro tunc*. Thereafter, the trial court must file a new Rule 1925(a) opinion in response.

Case remanded with instructions. Jurisdiction is relinquished.

---

[4] Although *Parrish* involved an appeal pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, the same principles relating to Rule 1925(b) apply on direct appeal and the Court relied heavily on *Rosado*. *See id.* at 701.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2020