J-A07028-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RUSSELL EARL LATTIMER | : | |
| | : | |
| Appellant | : | No. 2049 MDA 2019 |

Appeal from the PCRA Order Entered December 5, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000546-2012

BEFORE:   BOWES, J., DUBOW, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY BOWES, J.: **FILED: JULY 21, 2021**

I agree with my learned colleagues that the second PCRA court erred in dismissing Appellant's second PCRA petition in which he asserted ineffectiveness of his first PCRA counsel.  However, rather than remand for the PCRA court to consider the claim that Attorney Hutz was ineffective, I would go one step further and, exercising our right to decide a question of law, hold that Attorney Hutz was *per se* ineffective for failing to perfect the appeal from the dismissal of Appellant's first PCRA petition.  *See*, *e.g.*, *Commonwealth v. Rosado*, 150 A.3d 425, 433 (Pa. 2016) ("[E]rrors which completely foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per se*[.]").

_____

* Former Justice specially assigned to the Superior Court.

Although we cannot confirm from the certified record the accuracy of Appellant's representation that Attorney Hutz, rather than Appellant, was the person who sent the notice of appeal to the PCRA court rather than the clerk of courts for filing,[1] I posit that the identity of the sender of that notice is irrelevant. If it was Attorney Hutz, he was *per se* ineffective in neglecting to file the notice with the clerk of courts. If it was Appellant, Attorney Hutz was ineffective in not noting the absence of a docketed notice of appeal and taking steps himself to secure appellate review to correct the obvious legal error of the PCRA court which he had previously identified in his belated Rule 907 response. Either way, Attorney Hutz did not take reasonable steps to obtain for Appellant relief from the PCRA court's unquestionably erroneous legal determination that the claims raised in Appellant's amended first PCRA petition were untimely. I would therefore grant Appellant *nunc pro tunc* relief in the form of reinstating his right to appeal the denial of his first PCRA petition.

But for my respect for the appellate process and the rule of law, I would also reverse the dismissal of Appellant's first petition and remand for a merits review of his ineffectiveness claims against trial counsel. This petitioner has been victimized by repeated failures on the part of his appointed counsel and

---

[1] **See** Appellant's brief at 5; Motion to Compel Attorney to Respond and to Reinstate Appellate Rights *Nunc Pro Tunc*, 8/28/17, at ¶ 7 ("Counsel filed a Notice of Appeal improperly and [the PCRA court] did nothing to correct the error.").

the court itself, and the goal of prompt review of his claims has sadly been lost along the way.

While the bounds of our jurisdiction do not permit us to reach back to orders related to Appellant's first PCRA petition, they do extend far enough to permit further correction of errors in connection with Appellant's second PCRA petition than the Majority opts to exercise. For the reasons stated above, rather than vacate the PCRA court's December 5, 2019 order and remand for additional proceedings on Appellant's second PCRA petition, I would reverse the order outright and reinstate Appellant's rights to appeal the dismissal of his first PCRA petition. Therefore, I respectfully dissent.