J-S25045-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :            PENNSYLVANIA
                                :
             v.                    :
                                :
                                :
LAFENUS L. BURTON            :
                                :
            Appellant        :     No. 203 EDA 2023

Appeal from the PCRA Order Entered December 16, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004259-2016

BEFORE:    NICHOLS, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:            **FILED AUGUST 30, 2023**

Lafenus L. Burton (Appellant) appeals *pro se* from the order entered in the Delaware County Court of Common Pleas dismissing his timely petition filed September 28, 2022 pursuant to the Post Conviction Relief Act (PCRA).[1] Appellant argues the PCRA court erred in dismissing his claim that direct appeal counsel was ineffective for failing to submit an affidavit of probable cause for a search warrant to the official record, which resulted in the waiver of a suppression issue. We affirm.

This Court previously provided a summary of the underlying facts:

> [Appellant] and his 13 co-defendants ran an elaborate scheme to distribute cocaine in 2015. To dismantle their criminal enterprise, the Pennsylvania State Police and local officers conducted numerous controlled buys and video surveillance

---

[1] 42 Pa.C.S. §§ 9541-9545.

throughout Delaware County, including outside [Appellant's] residence. Investigators also obtained six wiretap orders from this Court, and [the trial court] issued various search warrants. Police intercepted and transcribed phone calls and text messages from, to, and between the drug dealers numbering in the thousands.

A camera [that] police positioned outside [Appellant's] home **recorded him driving a green, Chrysler Town & Country minivan.** The investigators eventually obtained a search warrant for his residence[,] to search for and to seize "indicia of ownership of the . . . vehicle . . . , including [the car] keys." . . .

When they executed the search warrant [of Appellant's home], officers uncovered no drugs. Instead, they found $2,000 in a safe and $800 in the pocket of a pair of pants next to [Appellant's] bed. Also, in the pants were car keys to his Town & Country minivan. The police took those keys, located the vehicle on the street outside, unlocked it, and drove the minivan back to the barracks.

*Commonwealth v. Burton*, 1874 EDA 2018 (unpub. memo at 1-3) (Pa. Super. Oct. 28, 2019) (emphasis & paragraph break added).

Police then obtained a warrant to search the minivan. Troopers Charles Steinmetz and Javier Garcia submitted a 277-page affidavit of probable cause, explaining they had observed Appellant drive the minivan to meet his drug supplier for alleged drug deliveries. Affidavit of Probable Cause, 12/18/15, at ¶ #2273. Inside they discovered 10 bags of cocaine totaling 87 grams, a substance commonly used to dilute cocaine for retail sale, Appellant's expired driver's license, and a vehicle registration in Appellant's name.

Law enforcement arrested Appellant and his co-conspirators and charged them on April 22, 2016. On September 19, 2016, Appellant filed a motion to suppress all evidence derived from the search of his minivan. The

trial court conducted a hearing on November 16, 2016, at which defense counsel argued the Pennsylvania state troopers made false statements in the affidavit of probable cause for the warrant to search Appellant's minivan.[2] N.T., 11/16/16, at 30. The disputed section of the affidavit of probable cause was Paragraph 2273, which stated:

> [The troopers] have seen [Appellant] operating [the minivan] on an almost daily basis. [Appellant] has had numerous drug related telephone conversations with [James Townsend, a co-conspirator and Appellant's brother. The troopers] believe [Appellant] is supplied cocaine by Townsend which he then sells to other persons. [The troopers] know that throughout the investigation[, **Appellant] has driven this minivan to meet with Townsend for what [are believed to be] drug deliveries**. . . .

Affidavit of Probable Cause, 12/18/15, at ¶ 2273 (emphasis added). Appellant claimed Trooper Steinmetz only discussed, in the first 2,272 paragraphs of the affidavit prior to 2273, Appellant driving a white Dodge Charger to carry out drug activity. N.T., 11/16/16, at 81-84. Appellant contended that nowhere else in the affidavit did the troopers mention surveillance of Appellant in or meeting with Townsend in the minivan. *Id.* at 32. Appellant also pointed out that several other cars are noted in the affidavit, but the minivan was the only vehicle included in the search warrant. *Id.* at 87. On cross-examination, Trooper Steinmetz acknowledged that "nowhere [in the] affidavit [prior to Paragraph 2273 was] there any mention of [Appellant] operating a green

---

[2] The trial court conducted a joint suppression hearing for 13 of the co-defendants.

Chrysler minivan when meeting with James Townsend for the purpose of **exchanging drugs**." *Id.* at 83 (emphasis added). Based on these facts, Appellant averred that Paragraph 2273, where troopers state they had observed Appellant use the minivan to meet Townsend for drug deliveries, was false information.

Trooper Steinmetz testified, however, he observed surveillance footage capturing Appellant's use of the minivan, and received information from other troopers detailing their first-hand observations of Appellant driving the minivan when meeting with Townsend. N.T., 11/16/16, at 45-46, 126. It was the custom for the troopers to document any individual with whom Appellant engaged in drug activities, people he met with, and any vehicles operated by these individuals at those times. *Id.* at 84-85. On April 10, 2017, the suppression court denied the motion to suppress, crediting Trooper Steinmetz's testimony and finding Appellant failed to make an offer of proof contrary to Trooper Steinmetz's statements that Appellant had driven the vehicle as a part of the drug enterprise.

On April 25, 2018, Appellant was found guilty by a jury of conspiracy to possess cocaine with intent to distribute and possession of cocaine.[3] On May 31, 2018, the trial court imposed an aggregate sentence of 5 1/2 to 11 years' incarceration.

_____

[3] 18 Pa.C.S. § 903; 35 P.S. § 780-113(a)(16).

Appellant took a timely direct appeal, claiming *inter alia*, relevant to this appeal, that the trial court erred in denying his motion to suppress "when there [were] false or misleading statements in the affidavit of probable cause of the search warrant for the minivan." **Burton**, 1874 EDA 2018 (unpub. memo at 3). However, on October 28, 2019, the Superior Court panel affirmed the judgment of sentence. It found the above issue was waived because direct appeal counsel did not have the affidavit of probable cause included in the certified record. The other two issues were denied on the merits.

Thereafter, on August 28, 2020, Appellant filed a timely *pro se* PCRA petition, alleging ineffectiveness of trial counsel for "fail[ing] to effectively cross-examine a trooper who testified at the suppression hearing." PCRA Ct. Op., 9/21/21, at 1. Counsel was appointed, and he filed an amended PCRA petition. On May 20, 2021, the PCRA court dismissed the petition without a hearing, finding Appellant did not cite any evidence to support his claim that the trooper had lied, and trial counsel could not be deemed ineffective simply because she failed to induce the trooper to confess that he lied. **Id.** at 8.

On June 1, 2021, Appellant appealed to this Court, and alleged, for the first time, a claim that PCRA counsel was ineffective for failing to raise the ineffectiveness of direct appeal counsel due to her failure to submit the affidavit of probable cause, which resulted in the waiver of the suppression issue. On June 28, 2022, this Court determined the claim was timely raised

under **Commonwealth v. Bradley**, 261 A.3d 381, 402 (Pa. 2021) (PCRA petitioner may raise claims of PCRA counsel's ineffectiveness at the first opportunity, even if on appeal). This Court noted, however, that the affidavit of probable cause was once again not included in the certified record. Thus, this Court vacated and remanded the PCRA dismissal order, directing counsel to file a new amended petition and develop the record. **Commonwealth v. Burton**, 1113 EDA 2021 (unpub. memo. at 8) (Pa. Super. June 28, 2022).

On September 28, 2022, new counsel for Appellant filed an amended PCRA petition, along with a copy of the affidavit of probable cause. The petition first averred that while Paragraph 2,273 of the affidavit of probable cause stated Appellant was observed driving the minivan for drug deliveries, Trooper Steinmetz testified at the suppression hearing "that Appellant **did not drive** this vehicle to meet with Mr. Townsend." Appellant's Amended Petition for Post Conviction Relief Pursuant to the Post Conviction Relief Act, 9/28/22, at ¶ 4. The petition thus claimed direct appeal counsel was ineffective for failing to include the affidavit of probable cause for causing the suppression issue to be waived, and PCRA counsel was ineffective for not bringing this claim. **Id.** at ¶ 23. Appellant contended that had the affidavit of probable cause been included in the record, the outcome of the direct appeal would have been different and therefore he suffered prejudice.

The PCRA court conducted a hearing on October 21, 2022, where Appellant's counsel again argued direct appeal counsel was ineffective

because she failed to submit the affidavit of probable cause, which consequently waived the suppression issue. N.T., 10/21/22, at 6. Counsel, however, did not specify why the issue merited review, nor address the alleged misstatement in the affidavit. Instead, counsel merely argued that in remanding this issue, the Superior Court felt "there [was] a stone unturned," which warranted review. *Id.* at 5. He also claimed Appellant's direct appeal rights should be reinstated. *Id.* at 6.

The Commonwealth responded direct appeal counsel did not commit *per se* ineffectiveness because Appellant had a merits review of two issues, and thus Appellant must show the outcome of the direct appeal would have been different had the affidavit been submitted. N.T., 10/21/22, at 6-7. The Commonwealth pointed out Appellant had raised his underlying claim at the suppression hearing, and the court found the affidavit did not contain a false statement. *Id.* at 7.

On March 20, 2023, the PCRA court dismissed the PCRA petition, reasoning: "Because [the affidavit had] been made part of the record and support[ed] the findings of the suppression court, it is clear [Appellant's] suppression claim would have failed on appeal." PCRA Ct. Op., 3/20/23, at 11. Therefore, the court concluded Appellant could not show he was prejudiced, nor that direct appeal or PCRA counsel was ineffective.

Appellant took this timely appeal. The trial court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b), which he timely filed on February 21, 2023.

Appellant presents the following issue for our review:

Whether the PCRA Court erred in dismissing [Appellant's amended] PCRA petition where the record clearly showed that [Appellant] was denied effective assistance of counsel, as guaranteed by the Pennsylvania and United States Constitutions, when Appellate Counsel erred by failing to include the affidavit of probable cause for the search warrant as part of the certified record causing said issue to be waived and resulting in prejudice to [Appellant].

Appellant's Brief at 5.

Appellant avers the PCRA court erred in denying his claim of ineffective assistance of direct appeal counsel. Appellant's Brief at 17. Specifically, he claims he suffered prejudice because direct appeal counsel failed to submit an affidavit of probable cause to the record, resulting in his suppression issue to be waived. Appellant argues "the statements contained in the Affidavit of probable cause[,] relating to Appellant's use of the minivan, were not found anywhere in the 300-page Affidavit for the search warrant." *Id.* at 17. Appellant alleges that "[h]ad the Affidavit been included in the record, it would show that the statements in the Affidavit . . . were not consistent with the documentation of the investigation." *Id.* at 18. We conclude no relief is due.

We consider the relevant standard of review:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

- 8 -

Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Isaac***, 205 A.3d 358, 362 (Pa. Super. 2019) (citations omitted).

Regarding a claim of ineffective assistance of counsel, it is well established:

Counsel is presumed effective, and a PCRA petitioner asserting otherwise bears the burden of proof. Specifically, the petitioner must prove by a preponderance of the evidence that (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis in support of the action or inaction; and (3) the petitioner suffered prejudice, i.e., the outcome of the proceeding in question would have been different but for counsel's error. A petitioner's failure to prove any one of these three prongs is fatal to the claim.

***Isaac***, 205 A.3d at 362–63 (citations omitted).

With respect to a suppression ruling, this court has stated:

We are highly deferential to the suppression court's factual findings and credibility determination. It is within the suppression court's sole province as factfinder to pass on the credibility of witnesses and the weight to be given to their testimony. The suppression court is free to believe all, some or none of the evidence presented at the suppression hearing.

***Commonwealth v. Carmenates***, 266 A.3d 1117, 1123 (Pa. Super. 2021) (citations & quotation marks omitted).

Here, we agree with the PCRA court that Appellant did not evince any prejudice. Appellant has not established that had the affidavit of probable cause been submitted on direct appeal and the suppression issue preserved,

this Court likely would have granted relief. The affidavit stated what Trooper Steinmetz testified to at the suppression hearing – that the troopers observed Appellant using the minivan to partake in drug activity, which was further supported by surveillance camera footage of Appellant driving the minivan. As established above, the suppression court was free to believe all, some, or none of the evidence. *See Carmenates*, 266 A.3d at 1123. The suppression court specifically credited Trooper Steinmetz's testimony, and considered that Appellant did not show evidence he had not driven the minivan to carry out drug activity. *See* Order, 4/10/17, at 8. Therefore, Appellant cannot show that had the affidavit been included in the record for direct appeal, the suppression court would have granted relief. Thus, we conclude Appellant has not shown prejudice.

For the same reasons, we would further conclude Appellant cannot show the underlying claim is of arguable merit. *Se Isaac*, 205 A.3d at 362-63. The suppression court has already ruled on this claim of whether the affidavit of probable cause contained any misstatements concerning the green minivan. The court found Trooper Steinmetz credible and considered Appellant's lack of evidence to support his claim of false statements, concluding there were no false statements in Paragraph 2273 regarding Appellant driving the minivan. In light of the foregoing, we do not address the third prong of the ineffective counsel analysis — reasonable basis. *See id.*

Finally, we address Appellant's brief references that his direct appeal rights should be reinstated. *See* Appellant's Brief at 17. We note Appellant does not provide any further explanation nor citation to legal authority. In any event, we would conclude Appellant's request for this relief is mistaken. Our Supreme Court has held that an attorney's "errors which **completely** foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel per se, whereas those which only partially foreclose such review are subject to the ordinary" three-prong test for ineffectiveness. *Commonwealth v. Rosado*, 150 A.3d 425, 433 (Pa. 2016) (emphasis added). *See also id.* at 427 ("The recognized instances of per se ineffectiveness entitling a defendant to automatic relief are extremely narrow."). As the Commonwealth correctly argued at the PCRA hearing, two of Appellant's claims on direct appeal were reviewed on the merits and – his waiver of a third issue notwithstanding – he was not "completely foreclose[d] appellate review." *See id.* at 433; N.T., 10/21/22, at 7. Accordingly, Appellant is not entitled to a second direct appeal.

For the foregoing reasons, we affirm the December 16, 2022, order denying Appellant's PCRA petition.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*

*Prothonotary*

*Date: 8/30/2023*