J-S56041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANGEL REYES | : | |
| Appellant | : | No. 535 EDA 2019 |

Appeal from the PCRA Order Entered February 1, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013835-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| ANGEL REYES | : | |
| Appellant | : | No. 536 EDA 2019 |

Appeal from the PCRA Order Entered February 1, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013836-2012

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:                    Filed: January 28, 2021

In these consolidated cases, Angel Reyes (Reyes) appeals from the order entered in the Court of Common Pleas of Philadelphia County (PCRA court) dismissing his timely first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

**I.**

**A.**

On October 31, 2012, at approximately 10:30 p.m., Philadelphia Police Officers Michael Berkery and Ryan Pownall were on a routine patrol in a marked police vehicle in the area of the 4400 block of Frankford Avenue in Philadelphia. (*See* N.T. Trial, 5/04/15, at 23). They were patrolling this high crime area because of its large amount of drug activity and gunpoint robbery. (*See id.* at 24). At that time, Officer Berkery had been a police officer for ten years and Officer Pownall for six years. (*See id.* at 55, 116).

Officers Berkery and Pownall noticed Reyes walking the same direction as the patrol car and observed a heavy rectangular bulge swinging back and forth in his left cargo pants pocket. (*See id.* at 24-25, 107). The officers believed the bulge in Reyes' pocket resembled a firearm and Officer Berkery pulled the patrol car over into the parking lane. (*See id.* at 25, 107). As Officer Pownall exited the vehicle, Reyes removed his headphones, wrapped them around his iPod and put them in his pocket. (*See id.* at 25). When Officer Pownall asked Reyes if he was carrying a gun, Reyes ignored the question and attempted to walk past the officer. (*See id.* at 25, 107).

Officer Pownall then grabbed what felt like a hard, metal object in Reyes' cargo pocket but Reyes quickly pulled away and tried to keep walking. (*See id.* at 25, 107). Officer Pownall grabbed ahold of Reyes, again asked him if he had a gun and started to unbutton Reyes' cargo pocket. (*See id.* at 25,

107).  Reyes shoved the officer away and the two men began to wrestle to the ground.  (*See id.* at 25, 108).

Officer Berkery exited the patrol car, took out his taser and ordered Reyes to stop resisting and to put his hands behind his back.  (*See id.* at 25, 108).  Reyes disregarded the order and continued to wrestle with Officer Pownall.  (*See id.* at 25-26).  Officer Berkery fired his taser at Reyes' chest that had no effect.  (*See id.* at 26, 108).  Reyes continued to fight, punching and throwing his elbows into Officer Pownall.  (*See id.* at 26).

Officer Berkery fired his taser at Reyes a second time, which again had no effect and Reyes grabbed ahold of the taser.  (*See id.*).  Officer Berkery struck Reyes in the face and Reyes grabbed the officer's left hand and bit down on it, causing him to bleed.  (*See id.*).  Officer Pownall attempted to gain control of Reyes' arms and Reyes bit him on his right tricep and grabbed for his gun in the holster.  (*See id.* at 27, 108-09).  Officer Berkery was finally able to jump on top of Reyes, handcuff his left arm and call for backup.  (*See id.* at 28, 109).  Twenty-three blue-tinted bags of cocaine, a digital scale, several unused blue-tinted packets and a bottle of lidocaine[1] were recovered from Reyes' left cargo pocket.  (*See id.* at 29, 47-49, 110).  The weight of

---

[1] Lidocaine is used as a cutting agent for cocaine.  (*See* N.T. Trial, 5/05/15, at 16-18).

the cocaine totaled 14.65 grams and was worth $1,150.00. (*See* N.T. Trial, 5/05/15, at 12-13).

Officer Berkery drove himself and Officer Pownall to the hospital where Berkery received treatment for a human bite. (*See* N.T. Trial, 5/04/15, at 52-53). Officer Pownall underwent surgery for injuries to his rotator cuff and labrum and he was out of work for nine months following the incident. (*See id.* at 121, 129-30). He continued to experience pain at the time of trial. (*See id.* at 121).

Reyes filed a motion to suppress the evidence challenging the legality of the stop, which the trial court denied. Reyes proceeded to a jury trial on May 4, 2015, and he testified in his defense that Officers Berkery and Pownall used excessive force during the incident. (*See* N.T. Trial, 5/05/15, at 43-47). On May 6, 2015, the jury convicted him at the above-referenced docket numbers of aggravated assault as a first-degree felony (as to Officer Pownall), two counts of aggravated assault as second-degree felonies (as to Officers Pownall and Berkery), resisting arrest, possession with intent to deliver a controlled substance, knowing or intentional possession and possession of drug paraphernalia.[2] On October 21, 2015, the trial court sentenced Reyes to

---

[2] 18 Pa.C.S. §§ 2702(a)(1), (a)(3) and 5104; 35 P.S. §§ 780-113(a)(30), (16) and (32).

an aggregate term of not less than eight and one-half nor more than nineteen years' imprisonment, followed by fifteen years of probation.

Reyes filed a notice of appeal from the judgment of sentence after the trial court denied his timely post-sentence motion. On January 6, 2016, defense counsel Allan Jeffrey Sagot, Esq., filed a motion to withdraw from representation which the trial court granted. The court appointed Erin Boyle, Esq., to represent Reyes on appeal and she filed a Rule 1925(b) statement on his behalf. *See* Pa.R.A.P. 1925(b).

On appeal, Reyes challenged the trial court's denial of his suppression motion; the sufficiency of the evidence supporting his conviction; the weight of the evidence; the court's jury instruction regarding his testimony, which he claimed emphasized only his self-interest;[3] and his sentence as excessive.

---

[3] The trial court issued the following jury instruction concerning the credibility of Reyes as a witness:

> The defendant in this matter took the stand as a witness. In considering the defendant's testimony, you are to follow the general instructions that I shall give you for judging the credibility of any witness. You should not disbelieve the defendant's testimony merely because he's a defendant. In weighing his testimony, however, you may consider the fact that he has a vital interest in the outcome of this trial. You make take the defendant's interest into account just as you would any other witness along with any other facts and circumstances bearing upon credibility in making up your own minds as to what weight his testimony deserves.

(N.T. Trial, 5/05/15, at 131). The instruction mirrors, almost verbatim, the Pennsylvania Suggested Standard Criminal Jury Instruction on this topic, PA-

This Court addressed only the suppression issue on the merits and found the remaining issues waived for appellate counsel's failure to preserve them in Reyes' vague Rule 1925(b) statement and for trial counsel's failure to object to the jury instruction. This Court affirmed the judgment of sentence on September 18, 2017. (***See Commonwealth v. Reyes***, 2017 WL 4118441 (Pa. Super. 2017)). Reyes did not seek further direct review.

### B.

On May 7, 2018, Reyes, acting *pro se*, filed the instant, timely PCRA petition. Appointed counsel, Matthew Sullivan, Esq., filed an amended petition contending that trial and appellate counsel were ineffective for failing to preserve issues for direct appeal and in failing to request Officer Pownall's personnel file. After consideration of the Commonwealth's response, the PCRA court issued notice of its intent to dismiss the PCRA petition without further proceedings. ***See*** Pa.R.Crim.P. 907(1).[4] The PCRA court entered its order dismissing the petition on February 1, 2019, and Reyes timely appealed. Reyes and the PCRA court complied with Rule 1925. ***See*** Pa.R.A.P. 1925(a)-(b).

---

JICRIM 3.09, Pa. SSJI (Crim), § 3.09 (2016). (***See*** PCRA Court Opinion, 9/10/19, at 16).

[4] The PCRA court judge also presided over Reyes' jury trial and sentencing proceeding and was, therefore, very familiar with the facts of this case.

**II.**

**A.**

Reyes raises claims of ineffective assistance of counsel and asserts the PCRA court erred in declining to hold a hearing on his petition. *See* 42 Pa.C.S. § 9543(a)(2)(ii) (listing ineffective assistance of counsel as basis for PCRA relief).[5] "In Pennsylvania, we have refined the *Strickland v. Washington*, 466 U.S. 668 (1984) performance and prejudice test into a three-part inquiry." *Commonwealth v. Sarvey*, 199 A.3d 436, 452 (Pa. Super. 2018). "To prove counsel ineffective, the petitioner must show that: (1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result. *See Commonwealth v. Pierce* 527 A.2d 973 (Pa. 1987)." *Id.* "If a petitioner fails to prove any of these prongs, his claim fails." *Id.* (citation omitted). "To demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Id.* (citation omitted). We presume that counsel has rendered effective assistance. *See Commonwealth v.*

_____

[5] "We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citation omitted). "This review is limited to the findings of the PCRA court and the evidence of record." *Id.* (citation omitted). "We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." *Id.* (citation omitted).

*Treiber*, 121 A.3d 435, 445 (Pa. 2015). Counsel cannot be found ineffective for failing to raise a meritless claim. *See id.*

Additionally, the PCRA court may decline to hold a hearing under certain circumstances. "A petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings." *Commonwealth v. Colon*, 230 A.3d 368, 374-75 (Pa. Super. 2020), *appeal denied*, 237 A.3d 379 (Pa. 2020) (citation omitted). A PCRA court's decision to deny a request for an evidentiary hearing will not be overturned absent an abuse of discretion. *See Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015).

**B.**

Reyes first argues that trial counsel was ineffective for failing to subpoena Officer Pownall's disciplinary file in light of his testimony that the officers used excessive force to stop and arrest him. Reyes claims that review of this file would have shown that Pownall shot a man in a 2010 firearms case and could have uncovered incidences of misconduct relevant to this case. Reyes also asserts he was entitled to review of the file because Officer Pownall is now on a "do not call" witness list created by the Philadelphia District Attorney's Office. Reyes argues that he was prejudiced by trial counsel's inaction and that, had counsel obtained the disciplinary files, the

Commonwealth might have elected not to call Officer Pownall as a witness, thereby potentially changing the outcome of his trial.

We begin by observing that because there is a strong public interest in protecting the privacy and safety of law enforcement officers, a request for relevant documents must be supported and narrowly targeted. *See Commonwealth v. Blakeney*, 946 A.2d 645, 661 (Pa. 2008). A defendant is entitled to inspection of investigatory files only where there is an articulable reason to believe that review would lead to the discovery of some relevant evidence. *See id.*

In this case, Reyes has shown no evidence that a review of Officer Pownall's disciplinary file at the time of trial would have led to any evidence relevant to his case. Reyes' speculation concerning Officers Pownall's misconduct does not justify such inspection. Officers Pownall's file at the time of Reyes' trial included only a record of an investigation into his use of force against a suspect in an unrelated 2010 case that was deemed lawful by the Internal Affairs Bureau. Although Officer Pownall was later fired from the police department for his misconduct in a 2017 case and was placed on a "do not call" witness list, both of these events occurred after Reyes' 2015 trial.

Furthermore, both Officers Berkley and Pownall effectuated Reyes' stop and arrest and testified consistently to the same set of facts. Even if the Commonwealth had declined to call Officer Pownall as a witness, Officer Berkley's testimony alone would have sufficed to establish Reyes' conviction.

Because Reyes has failed to demonstrate arguable merit to his underlying claim that he was entitled to review of Officer Pownall's personnel file, nor has he established prejudice attributable to his lack of access to the information contained therein, his claim of ineffectiveness on this basis fails.

**C.**

Reyes next argues appellate counsel was ineffective in filing a defective brief and effectively abandoning him on direct appeal.[6] At the outset, we note that the reason that we held in the direct appeal that the sufficiency and weight issues were waived due to his vague 1925(b) statement and not to a defective brief.

Nonetheless, Reyes contends that because we reviewed the suppression issue only and found his remaining claims waived, counsel's errors amounted to the constructive denial of representation and precluded litigation of his appeal. Reyes further maintains that a finding of *per se* ineffectiveness is warranted given these circumstances.

The Sixth Amendment to the United States Constitution provides that "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This encompasses the right to the effective assistance of counsel. **See Commonwealth v. Rosado**, 150 A.3d 425, 430 (Pa. 2016). Generally, a

---

[6] In his brief, Reyes does not argue the ineffectiveness of trial counsel in connection with issue preservation for direct appeal.

petitioner asserting that he has been denied his constitutional right to effective assistance of counsel must demonstrate that counsel engaged in errors which caused him prejudice. **See id**. "However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted." **Id.** (citation omitted). Our cases have held that errors which **completely** foreclose appellate review amount to a constructive denial of counsel and, thus, ineffective assistance of counsel *per se*, whereas those which only **partially** foreclose such review are subject to the ordinary **Strickland/Pierce** framework. **See id**. at 438.

In this case, the conduct of Reyes' direct appeal counsel did not completely deprive him of his constitutional right to appeal. A timely notice of appeal was filed and counsel submitted a Rule 1925(b) statement. While the panel majority found most of Reyes' claims waived, one of the judges filed a concurring statement, concluding that the sufficiency and weight claims were adequately preserved but failed on the merits. (**See Reyes, supra** at *6). All members of the panel found Reyes' suppression issue meritless. We conclude that because counsel's errors did not completely foreclose appellate review of his direct appeal, his claim of *per se* ineffectiveness fails.

In any event, while Reyes does not argue his claim of ineffectiveness concerning his direct appeal is subject to the **Strickland/Pierce** framework,

we agree with the PCRA court that even if counsel was ineffective for filing a vague Rule 1925(b) statement, Reyes' underlying claims challenging the sufficiency and weight of the evidence, the jury instruction and the discretionary aspects of his sentence lack arguable merit. (*See* PCRA Ct. Op. at 7-22).

Specifically, the record reflects that Officer Pownall merely asked Reyes if he had a gun in his pocket, and he refused to answer and began an unprovoked full assault against Officers Berkery and Pownall when they attempted to check his pocket for a firearm. Both officers sustained injuries, with Officer Pownall undergoing surgery and unable to work for several months as a result. The digital scale, the amount of cocaine and the packaging found in Reyes' pocket indicated that he intended to sell it. With regard to the jury instruction, the trial court followed the verbiage of the standard instruction and did not unduly emphasize Reyes' self-interest. Finally, at sentencing, the court was in possession of a pre-sentence investigation report, noted Reyes' criminal background dating back to 1996 and the violent, prolonged nature of the assault on police in this case, along with the cocaine packaged for sale on his person in formulating the sentence. (*See* N.T. Sentencing, 10/21/15, at 15-17).

In sum, we find Reyes' claims of ineffective assistance of counsel meritless. Further, we conclude the PCRA court, which heard all of the

evidence in this case at trial and at the sentencing hearing, acted within its discretion when it declined to hold a hearing on the matter.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/28/21