J-S24027-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                  :            PENNSYLVANIA
                                                  :
             v.                               :
                                                :
                                                  :
HANEEF TUCK                          :
                                                  :
            Appellant                     :     No. 1550 EDA 2021

Appeal from the PCRA Order Entered July 8, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004493-2015

BEFORE:    PANELLA, P.J., LAZARUS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY LAZARUS, J.:            **FILED SEPTEMBER 12, 2022**

Haneef Tuck appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After careful review, we reverse and remand for the reinstatement of Tuck's right to file post-sentence motions *nunc pro tunc*.

On March 28, 2015, Tuck was arrested and charged with various offenses in connection with the burglary of a Philadelphia tattoo parlor, owned by one of the victims. Tuck and three other perpetrators forcibly entered the premises, shot one of the victims in the hip, took his clothes and money, and stole his black iPhone 6 and an iPad. Another victim was beaten, stripped of his clothes, and also robbed of his money and wallet. The four perpetrators

_____

[*] Retired Senior Judge assigned to the Superior Court.

fled the scene. Video surveillance at SugarHouse Casino, where the victims had been gambling prior to returning to the tattoo parlor, revealed Tuck and his co-defendant, Aaron Brunson, at the casino talking to the victims and leaving in Brunson's silver Jeep shortly after the victims left the casino in a cab. One of the victims positively identified Tuck as one of the men from the casino in a photo array.

Following Tuck's arrest, Philadelphia police officers obtained a search warrant for Brunson's Jeep; officers recovered one of the victims' wallets during a search of the vehicle.

Following a three-day jury trial, Tuck[1] was convicted of aggravated assault,[2] robbery—inflict serious bodily injury,[3] burglary,[4] theft by unlawful taking—movable property,[5] conspiracy to commit robbery,[6] and robbery—threat of immediate serious injury.[7] After a hearing, and considering a pre-sentence investigation report, the court sentenced Tuck to an aggregate sentence of 25-50 years' incarceration. Tuck filed a direct appeal challenging

---

[1] Tuck was tried with co-defendant, Aaron Brunson.

[2] 18 Pa.C.S.A. § 2702.

[3] *Id.* at § 3701(a)(1)(i).

[4] *Id.* at § 3502(a)(3).

[5] *Id.* at § 3921(a).

[6] *Id.* at § 903.

[7] *Id.* at § (a)(1)(ii).

the discretionary aspects of his sentence and the effectiveness of trial counsel for failing to object to the consecutive nature of his five sentences or to file a motion to reconsider his sentence.[8] Our Court affirmed Tuck's judgment of sentence on August 5, 2019, concluding that counsel "failed to preserve [Tuck's] sentencing claims by [either] objecting at the sentencing hearing or [by] filing a post-sentence motion [and that the ineffectiveness] claims [were] unreviewable on direct appeal." *Commonwealth v. Tuck*, 2546 EDA 2016, at *4-*5 (Pa. Super. filed Aug. 5, 2019) (unpublished memorandum decision). Tuck filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on February 10, 2020.

On June 16, 2020, Tuck filed the instant PCRA petition *pro se*. Counsel was appointed and filed an amended petition. On June 8, 2021, the court dismissed Tuck's petition without a hearing. Tuck filed a timely notice of appeal and court-ordered Rule 1925(b) statement. Tuck presents the following issues for our consideration:

> (1) Whether the PCRA court was in error in not granting relief on the issue that counsel was ineffective for the following reasons:
>
>> A. Appellate counsel was ineffective for failing to appeal issues:

---

[8] Notably, Tuck's Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal included additional issues regarding sufficiency of the evidence to support his convictions and inconsistent and prejudicial jury instructions. Pa.R.A.P. 1925(b) Statement, 11/4/16, at 1-2. However, counsel abandoned those other issues in his appellate brief.

>    a. Counsel did not present the Pennsylvania Superior Court [with] the issue of the verdict being against the weight of the evidence.
>
>    b. Counsel did not present the Pennsylvania Supreme Court with the issue of an incorrect jury instruction.
>
>    B. Trial counsel was ineffective for failing to file a post[-]sentence motion to reconsider sentence[.]
>
>    C. Trial counsel provided ineffective assistance [by] advising [Tuck] not to testify[.]
>
>    D. Trial counsel was ineffective for failing to investigate and interview witnesses[.]
>
>    (2) Whether the PCRA court was in error in not granting relief on the issue that [Tuck] is entitled to a new trial based on [] newly[-]discovered evidence[.]
>
>    (3) Whether the PCRA court was in error denying an evidentiary hearing on the above issues[.]

Appellant's Brief at 8.[9]

In **Commonwealth v. Lantzy**, 736 A.3d 564 (Pa. 1999), our Supreme Court held that "when there is an unjustified failure to file a requested direct appeal, the conduct of counsel falls beneath the range of competence demanded of attorneys in criminal cases." **Id.** at 572. "[I]n such circumstances, and where the remaining requirements of the PCRA are satisfied, the petitioner is not required to establish his innocence or

---

[9] "Generally speaking, when this Court reviews an order dismissing or denying a PCRA petition, its standard of review is whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Ligons**, [] 971 A.2d 1125, 1136-37 (Pa. 2009). Moreover, an "[a]ppellant has the burden to persuade this Court that the PCRA court erred and that such error requires relief." **See Commonwealth v. Brown**, [] 48 A.3d 1275, 1277 (Pa. Super. 2012).

demonstrate the merits of the issue or issues which would have been raised on appeal." *Id.*

Instantly, counsel's failure to preserve any issues raised on direct appeal has "completely foreclose[d]" appellate review for Tuck and, thus, constitutes a "constructive denial of counsel." ***Commonwealth v. Rosado***, 150 A.3d 425, 433 (Pa. 2016). Such deficient stewardship amounts to "ineffective assistance of counsel *per se*." ***Id. See Commonwealth v. Liston*** (***Liston II***), 977 A.2d 1089, 1094 n.9 (Pa. 2009) (acknowledging counsel will "rarely be deemed to have been ineffective for failing to file [optional post-sentence motions] **except . . . when the claim involves the discretionary aspects of sentence or a challenge to a verdict on weight of the evidence grounds, claims which must be raised in the trial court to be preserved for purposes of appellate review**") (emphasis added). ***See also Commonwealth v Halley***, 870 A.2d 795, 799 (Pa. 2005) ("The claim that denial of merits review on direct appeal on account of counsel's deficient stewardship constitutes prejudice is, for all intents and purposes, the functional equivalent of the presumed prejudice concept considered in ***Lantzy***."); ***Rosado***, 150 A.3d at 434 (holding that "the filing of an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se*").[10]

---

[10] ***See supra*** n.8.

Because Tuck's counsel *completely* forfeited any merits review of his claims on direct appeal, we deem counsel ineffective *per se* and, thus, reverse the order denying PCRA relief, reinstate Tuck's right to file post-sentence motions *nunc pro tunc* and remand the matter to the trial court for further proceedings. **Lantzy**, **supra**; **Rosado**, **supra**.

Order reversed. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2022