J-S23007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LYNWOOD RAY | : | |
| | : | |
| Appellant | : | No. 978 EDA 2023 |

Appeal from the PCRA Order Entered March 17, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No:  CP-51-CR-0008880-2008

BEFORE:   STABILE, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED NOVEMBER 15, 2024**

Appellant, Lynwood Ray, seeks review of an order of the Court of Common Pleas of Philadelphia County (PCRA Court).  In 2009, Appellant was found guilty of several sex offenses, and he was sentenced to an aggregate prison term of 25 to 50 years.  After the judgment of sentence was upheld, Appellant unsuccessfully filed his first PCRA petition in 2014.  In his present petition (his second), Appellant asserted, *pro* se, that his appellate counsel on direct appeal was ineffective in causing him to miss the deadline for seeking further review by our Supreme Court.  The PCRA court dismissed the petition as untimely filed.  We now affirm that ruling.

The underlying facts of this case are as follows.  On July 9, 2008, not long after midnight, the victim was walking down Lancaster Avenue, in

_____

[*] Retired Senior Judge assigned to the Superior Court.

Philadelphia. Moments later, a patrol officer in the area observed the victim running out of a municipal parking lot, screaming, with her pants pulled down to her ankles. She told the officer that Appellant had forcibly taken her to the lot and raped her at that location.

Appellant was arrested and criminally charged. At the bench trial held on October 19, 2009, both the victim and the patrol officer testified in line with the above account.[1] The defense's theory of innocence was that the victim was a prostitute who only ended a consensual encounter upon noticing the unexpected arrival of the police. This conflicted with the victim's testimony, who had denied that she had agreed to have sexual intercourse with Appellant in exchange for money. *See* N.T. Trial, 10/19/2009, at 34.

Prior to trial, the defense discovered that the victim had been arrested for prostitution on August 13, 2008, at a location a few blocks away from the scene of Appellant's arrest; the victim was also still serving probation as of the date of trial. The defense filed a motion to pierce the Rape Shield Statute on July 14, 2009, so that the victim's criminal history could be used both to impeach her and to corroborate Appellant's account. The motion was granted in part, in that the defense was permitted to cross-examine the victim about her probationary status, but the charge for which she was serving probation could not be elicited. *See* N.T. Hearing, 7/14/2009, at 15-16.

_____

[1] Moreover, the prosecution admitted into evidence two prior bad acts in which Appellant had sexually assaulted women under similar circumstances. *See id.*, at 59-62.

- 2 -

At the trial's conclusion, Appellant was found guilty of rape by forcible compulsion; involuntary deviate sexual intercourse by forcible compulsion; sexual assault; indecent exposure; terroristic threats; indecent assault; simple assault; and aggravated indecent assault. He was sentenced as outlined above. On direct appeal, Appellant challenged his judgment of sentence by contending, in part, that the trial court had erred in precluding evidence of the victim's prostitution conviction. The judgment of sentence was upheld, *see Commonwealth v. Ray*, No. 469 EDA 2010 (Pa. Super. filed December 15, 2011) (unpublished memorandum), and Appellant did not seek further review by the Pennsylvania Supreme Court.

Over a year after his judgment of sentence became final, Appellant filed his first PCRA petition in 2014, *pro se*, alleging in part that his appellate counsel was ineffective for failing to notify him that this Court had affirmed his judgment of sentence, foreclosing further review. Appellant was appointed counsel, who thereafter filed a thorough letter of no merit,[2] stating that in his opinion, Appellant's PCRA petition was both untimely and without any meritorious issues. In 2016, the petition was dismissed.

The order of dismissal was affirmed by this Court in 2017. *See Commonwealth v. Ray*, No. 269 EDA 2016 (Pa. Super. filed August 23, 2017) (unpublished memorandum). This Court reasoned that Appellant's

---

[2] Counsel's "no-merit" letter was submitted pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

- 3 -

judgment of sentence had become final on January 16, 2012, and that he had one year from that date to seek postconviction relief (January 16, 2013). *See id.* Since Appellant's petition was facially untimely due to being filed well beyond the statutory deadline, and he could not satisfy an exception, the petition was procedurally barred. The Pennsylvania Supreme Court denied further review.

Appellant filed his second PCRA petition on April 13, 2022. A number of his claims were predicated on his asserted recent "discovery" that the victim in his case had been convicted of prostitution. Appellant argued that his petition was timely filed because he had only just learned of this new fact despite his exercise of due diligence. He further made the related claims that his trial counsel was ineffective for failing to investigate the victim's criminal history, and that the Commonwealth had violated his constitutional rights by withholding that exculpatory evidence.[3]

Additionally, Appellant repeated his claim of ineffective assistance of appellate counsel on direct appeal. In his petition, Appellate stated that he had only recently discovered on August 19, 2021, that his appellate counsel had begun employment with a new law firm about five months before this Court had affirmed the judgment of sentence in 2011. Appellant claimed that

_____

[3] Appellant presented this claim as an assertion of a violation of *Brady v. Maryland*, 373 U.S. 83 (1963), which requires the prosecution to disclose exculpatory evidence to the defense pursuant to the constitutional right of due process.

counsel effectively abandoned him, thereby foreclosing further review by the Pennsylvania Supreme Court.

The PCRA court entered a notice of intent to dismiss Appellant's second petition pursuant to Pa.R.Crim.R. 907, explaining that the claims were untimely, and that no exceptions to the PCRA's time-bar had been satisfied. Appellant filed a response, and an order of dismissal was entered on March 17, 2023. Appellant timely appealed,[4] and he now raises two related issues in his brief for our consideration:

> I. Whether the PCRA Court erred and/or abused its discretion as a matter of law and constitution in dismissing Appellant's second PCRA petition as untimely when the Appellant lawfully and constitutionally alleged, and proved the newly discovered fact and asserted a constitutional right recognized by the Supreme Court of the United States and federal and state statutory law as required by both exception[s] under 42 Pa.C.S. § 9545(b)(1)(i)-(iii)(2).
>
> II. Whether the PCRA court erred and/or abused its discretion as a matter of law and constitution in dismissing Appellant's second PCRA petition as untimely when the Appellant demonstrated that he received ineffective assistance of counsel during appellate proce[edings] as said appellate counsel failed to file a timely petition for allowance of appeal in the Pennsylvania Supreme Court and failed to adequately and timely consulted with Appellant regarding his rights before deadline to file allowance of appeal in the Pennsylvania Supreme Court.

Appellant's Brief, at 5 (issues reordered, suggested answers omitted).[5]

_____

[4] Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

[5] Appellant has omitted from his brief any discussion of the other issues he had raised in his second PCRA petition. According, for purposes of our review, those abandoned are deemed to have been waived. **See Harkins v. Calumet Realty Co.**, 614 A.2d 699, 703 (Pa. Super. 1992).

- 5 -

To summarize, Appellant's first ground on appeal is that his counsel on direct appeal failed to timely notify him that his judgment of sentence had been affirmed, preventing him from seeking further review by our Supreme Court. Appellant's second ground on appeal is that the PCRA court erred in finding the above claim to be untimely because the discovery of appellate counsel's employment change in 2011 satisfied the "newly discovered fact" exception to the PCRA's timeliness requirements.

Claims of counsel's ineffectiveness, including appellate counsel, are cognizable under the PCRA. *See Commonwealth v. Rosado*, 150 A.3d 425, 429-30 (Pa. 2016) (recognizing that errors which completely foreclose appellate review amount to constructive denial of counsel, which is *per se* ineffectiveness). Such claims must be asserted within one year of the date on which the judgment of sentence of became final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Where a PCRA petition is facially untimely, as it is here, the burden is on the petitioner to show by a preponderance of the evidence that one of the following statutorily enumerated exceptions has been satisfied:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

Moreover, a petitioner is not eligible for postconviction relief when the asserted claim of error has been previously and fully litigated. *See* 42 Pa.C.S.A. § 9543(a)(3). This occurs when "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issues; or . . . it has been raised and decided in proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S.A. § 9544(a)(2)-(3).

On review of a PCRA court's dismissal of postconviction claims, we are limited to "examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citation and quotations omitted). "The PCRA court's factual findings are binding if the record supports them, and we review the court's legal conclusions *de novo*." *Commonwealth v. Prater*, 256 A.3d 1274, 1282 (Pa. Super. 2021).

In the present case, there is no dispute that Appellant's judgment of sentence became final 30 days after it was entered, on January 16, 2012. 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 1113. He had until one year after that date,

January 16, 2013, to file a timely PCRA petition, making his present petition facially untimely, as it was filed in 2022.

Appellant attempts to invoke the "newly discovered fact" exception to the PCRA. *See* 42 Pa.C.S.A. § 9545(b)(1)(ii). The asserted fact is that Appellant learned on August 19, 2021, that his appellate counsel had begun employment with a new law firm in July 2011. This occurred about five months before Appellant's judgment of sentence was affirmed on direct appeal on December 15, 2011. Appellant argues that the employment change of counsel was a new fact which allows him to reassert his ineffectiveness claim, as the fact could not have been discovered sooner than 2021 despite the exercise of due diligence. However, we find that Appellant cannot successfully invoke the newly discovered fact exception to the PCRA's time-bar.

In his first PCRA petition, Appellant asserted that his appellate counsel on direct appeal failed to notify him that his judgment of sentence had been upheld by this Court, causing Appellant to miss the deadline for seeking further review. This Court affirmed the denial of that PCRA claim because it was untimely, and Appellant had not raised, much less proven, an exception to the PCRA's time-bar. *See Ray*, No. 269 EDA 2016 at 5-6.

In the current iteration of Appellant's ineffectiveness claim, he again contends that appellate counsel failed to advise him of this Court's affirmance of the judgment of sentence on direct appeal. The only difference between his present claim and his prior one is that now, Appellant aims to bolster the

earlier assertion of ineffectiveness with the "new fact" that his appellate counsel had changed law firms in 2011.

Appellant's claim fails, and the exception does not apply, because his discovery of counsel's employment history is not a new "fact" for the purposes of the PCRA. Rather, the underlying fact which Appellant now relies on for relief is that appellate counsel abandoned him by failing to timely notify him that his judgment of sentence was affirmed on direct appeal. This is the *same* fact he relied on when he requested relief in earlier PCRA proceedings, where the claim was dismissed. *See Ray*, No. 269 EDA 2016.

The newly discovered fact exception does not apply with respect to facts that were previously known, *see Commonweal v. Marshall*, 947 A.2d 714, 720 (Pa. 2008), barring Appellant from once more claiming that his appellate counsel's abandonment foreclosed further review of the judgment of sentence. Appellate counsel's change of employment is simply of no moment because that extraneous detail has no bearing on whether Appellant received timely communications from his counsel regarding the ability to request further review by our Supreme Court.

In addition to the untimeliness of his second petition, Appellant's claims are also procedurally barred for reasons related to the procedural history discussed above. That is, Appellant is now attempting to relitigate the same claim of ineffectiveness that he unsuccessfully raised in his first PCRA petition

filed in 2014. ***See Ray***, No. 269 EDA 2016.[6] The underlying assertion of counsel's abandonment and resulting loss of the right to seek appellate review is identical in both petitions. Thus, the PCRA court did not err in dismissing Appellant's claim of appellate counsel's ineffectiveness because it has been previously litigated in his first PCRA appeal, and no exception to the PCRA's time-bar applies. ***See id***.; ***see also*** 42 Pa.C.S.A. § 9544(a).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/15/2024

---

[6] We note further that Appellant has failed to explain in his briefs why appellate counsel's change of employment could not have been discovered sooner, *i.e.*, in his earlier PCRA proceedings where the same claim of counsel's abandonment was raised through the exercise of due diligence.