**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| COREY A. HOLLINGER | : | |
| | : | |
| Appellant | : | No. 1562 MDA 2025 |

Appeal from the PCRA Order Entered October 13, 2025
In the Court of Common Pleas of Lebanon County Criminal Division at
No(s):  CP-38-CR-0000396-1987

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                    **FILED: JUNE 5, 2026**

Appellant, Corey A. Hollinger, appeals from the October 13, 2025 order entered in the Lebanon County Court of Common Please denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  Appellant challenges the PCRA court's determination that the attorney who represented him during his resentencing proceedings was not ineffective.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On October 12, 1987, Appellant, then a juvenile, entered a counselled guilty plea to numerous charges, including First-Degree Murder.  On November 25, 1987, the trial court sentenced Appellant to an aggregate term of life imprisonment. Following the U.S. Supreme Court's decision in **_Montgomery v. Louisiana_**, 577 U.S. 190 (2016), on March 18, 2016, the trial court vacated Appellant's

judgment of sentence and ordered resentencing on his First-Degree Murder conviction.

On December 22, 2017, in preparation for the resentencing, the trial court held a hearing at which Appellant's mental health expert, Dr. Jerome Gottlieb, testified. Shortly thereafter, Appellant's court appointed attorney, Harry Fenton, Esquire, retired and, on July 31, 2018, Randal M. Whitlatch, Jr., Esquire, entered his appearance for Appellant. The trial court held an evidentiary hearing on January 18, 2023, at which both the Commonwealth and Appellant presented testimony and documentary evidence in support of their respective positions regarding an appropriate sentence for Appellant.[1]

Relevant to the instant appeal, the Commonwealth presented expert testimony from Dr. John S. O'Brien who had performed a psychiatric evaluation of Appellant in preparation for Appellant's resentencing and prepared a report following the evaluation. Although not in his report, Dr. O'Brien testified, without any objection, *inter alia*, that Appellant suffered from antisocial personality disorder. Attorney Whitlatch vigorously cross-examined Dr. O'Brien regarding the basis for this diagnosis and the fact that the

_____

[1] The record reflects that the delay between hearings arose from, *inter alia*, Appellant's filing of numerous requests including: for production of discovery and his juvenile probation records; authorization to hire a behavioral science professional and a mitigation specialist; his litigation of the Commonwealth's intent to call the Honorable Bradford H. Charles as a witness for the resentencing, which included obtaining an ethics opinion from the Judicial Board of Ethics; Appellant's counsel's retirement and Attorney Whitlatch's appointment; and the recusal of the presiding sentencing judge and the appointment of a visiting senior judge from another jurisdiction

diagnosis did not appear in Dr. O'Brien's expert report. *See* N.T., 1/18/23, at 72-85.

Ultimately, on March 17, 2023—7 years after vacating Appellant's initial judgment of sentence—the trial court resentenced Appellant to a term of 50 years to life imprisonment, and awarded Appellant credit for 35 years, 10 months, and 9 days served. Appellant did not file a post-sentence motion.

On direct appeal, Appellant raised claims implicating the discretionary aspects of his sentence: (1) that the sentencing court failed to consider his age at the time of the crime as a mitigating factor when imposing his sentence and (2) that the court misconstrued the evidence relating to his mental health programming and failed to consider his youth characteristics. On February 26, 2024, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v. Hollinger***, 315 A.3d 105 (Pa. Super. 2024) (non-precedential decision). We found Appellant's claims waived because he did not preserve them at sentencing or in a post-sentence motion. *Id.* at *3. The Court also noted that, even if Appellant had not waived these claims, "we would affirm the judgment of sentence based on the trial court's opinion."[2] *Id.* Appellant did not seek further review of his judgment of sentence.

---

[2] In its Rule 1925(a) opinion filed in connection with Appellant's direct appeal from his resentencing, the court explained that in sentencing Appellant it "acknowledged the statutory factors" and "considered among other things[:] victim impact, impact on the community, threat to public safety, the facts of
*(Footnote Continued Next Page)*

On March 5, 2025, Appellant *pro se* filed the instant PCRA petition raising numerous claims that Attorney Whitlatch had rendered ineffective assistance of counsel. The PCRA court appointed counsel who filed an amended petition. The Commonwealth filed a motion to dismiss the petition, asserting that Appellant's issues were meritless. On October 13, 2025, the PCRA court denied Appellant's petition as meritless without a hearing.

This timely appeal followed. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following issues for our review:

1. Whether the [PCRA] court erred and/or committed an abuse of discretion in finding that trial counsel was not ineffective for failing to preserve any of the claims raised on direct appeal, thus causing them to be waived?

2. Whether the [PCRA] court erred and/or committed an abuse of discretion in finding that trial counsel was not ineffective for failing to preserve [Appellant's] due process rights to a speedy sentencing, thus resulting in [] prejudice to [Appellant]?

---

the case, [Appellant's] age at the time of the offense, [Appellant's] degree of culpability, [Appellant's] juvenile history, and the history of his household, the escalating nature of [Appellant's] prior juvenile acts, the attempts to address his rehabilitation needs, his educational history[,] and his reluctance to pursue mental health counseling or treatment." Trial Ct. Op., 6/7/23, at 4, 8-9 (citations to notes of testimony omitted). The court also noted that Appellant's "adjustment and behavior while incarcerated was above average and that he participated in numerous programs offered at SCI" and that Appellant "had definitely matured in prison." *Id.* at 9. Nevertheless, the court also considered "the concern expressed by two (2) of the medical witnesses that [Appellant] would 'not do well outside of a structured setting' and the notion that he was at a moderate risk to reoffend." *Id.* The court, therefore, concluded that it "adequately addressed the criteria set forth in the sentencing code when crafting its sentence." *Id.*

- 4 -

3. Whether the [PCRA] court erred and/or committed an abuse of discretion in finding that trial counsel was not ineffective for failing to object to Dr. John S. O'Brien's testimony that [Appellant] has antisocial personality disorder?

4. Whether the [PCRA] court erred and/or committed an abuse of discretion in finding that trial counsel was not ineffective for failing to obtain and present an updated forensic psychological evaluation for [Appellant] closer to the time of the resentencing?

5. Whether the [PCRA] court erred and/or committed an abuse of discretion in finding that trial counsel was not ineffective for failing to call Rachel Scicchitano as a witness to offer testimony regarding [Appellant's] attendance in the Juvenile Lifers Support Group and the Group's purpose?

6. Whether the [PCRA] court erred and/or committed an abuse of discretion in finding that trial counsel was not ineffective for failing to call Michelle Blessing as a witness to offer testimony regarding the counseling [Appellant] received from the DOC's Psychology Department?

Appellant's Br. at 4 (unnecessary capitalization omitted).

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010). To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffective assistance of counsel, which "so undermined the truth-

determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Sneed*, 45 A.3d 1096, 1106 (Pa. 2012). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.* "Boilerplate allegations and bald assertions of no reasonable basis and/or ensuing prejudice cannot satisfy a petitioner's burden to prove that counsel was ineffective." *Id.* (citation omitted).

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but for counsel's action or inaction. *Commonwealth v. Busanet*, 54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804.

In his first issue, Appellant claims the PCRA court erred in finding his claim—that Attorney Whitlatch was *per se* ineffective for failing to preserve Appellant's discretionary aspects of sentencing claims—lacked merit.

Appellant's Br. at 24-26. Appellant argues that counsel's "failure to object at the time of sentencing and failure to file a post[-]sentence motion challenging the discretionary aspects of the sentence 'forfeited all meaningful appellate review' of the claims raised on appeal." *Id.* at 25. We disagree.

Counsel is *per se* ineffective if his error results in the complete foreclosure of appellate review. ***Commonwealth v. Rosado***, 150 A.3d 425, 433 (Pa. 2016). "If a defendant successfully pleads and proves that he was deprived of the right to file and litigate [post-sentence] motions as a result of the ineffective assistance of counsel, a PCRA court is free to" reinstate the defendant's right to file post-sentence motions *nunc pro tunc*." ***Commonwealth v. Liston***, 977 A.2d 1089, 1094 n.9 (Pa. 2009).

As noted above, although this Court found on direct appeal that Appellant had waived his discretionary aspects of sentencing claims by failing to preserve them, we also found that, even if Appellant had not waived these claims, "we would affirm the judgment of sentence based on the trial court's opinion." ***Hollinger***, 315 A.3d at *3. Therefore, contrary to Appellant's claim, Attorney Whitlatch's failure to file a post-sentence motion preserving Appellant's challenges to the discretionary aspects of his sentence did not result in foreclosure of appellate review of these claims and Attorney Whitlatch

was, therefore, not ineffective *per se*. Appellant is, thus, not entitled to relief on this claim.[3]

In his second issue, Appellant claims that the PCRA court erred when it found meritless Appellant's claim that Attorney Whitlatch was ineffective for failing to preserve his due process rights to a speedy sentencing. Appellant's Br. at 26-32. He contends that Attorney Whitlatch's failure to assert Appellant's right to a speedy sentencing and to act with due diligence caused undue delay and prejudice to Appellant. *Id.* at 28. Appellant asserts that he was prejudiced by the 7-year delay in resentencing him because during that time the law on sentencing juveniles convicted of homicide offenses changed in such a way that was detrimental to him. *Id.* at 31 (citing **Commonwealth v. Batts**, 163 A.3d 410 (Pa. 2017) ("**Batts II**") and **Commonwealth v. Felder**, 269 A.3d 1232 (Pa. 2022)). According to Appellant, had his sentencing not been unduly delayed, he would have had the benefit of the **Batts II** factors at his sentencing and there is a reasonable likelihood that his sentence would have been different. *Id.* at 32.

---

[3] It bears noting that Appellant has only argued in his brief to this Court that Attorney Whitlatch was ineffective *per se*. Appellant has not advanced or developed any argument that Attorney Whitlatch's failure to preserve his discretionary aspects of sentencing claims resulted in "ordinary" ineffective assistance of counsel, *i.e.*, that (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. **Sneed**, 45 A.3d at 1106. Nevertheless, our review of the record confirms that Appellant's underlying claim that the sentencing court abused its discretion when imposing sentence lacks arguable merit. **See** n.1 **supra**.

The PCRA court explained the differences between sentencing under *Batts II* and *Felder* and its reasons for finding Appellant's claim that the delay in sentencing him was meritless as follows:

> Appellant is correct in his assertion that he was resentenced under the procedure set forth in *Felder*, rather than that adopted in *Batts II*. However, his conclusion that there is "no doubt" that he would have received a lighter sentence under *Batts II* is speculative, at best. Although *Felder* removed the burden of proving permanent incorrigibility, *Felder* still required the court, in determining whether to impose a sentence of life without parole for a juvenile offender, to consider the factors set forth in 18 Pa.C.S. § 1102.1, including the defendant's age, mental capacity, maturity, criminal sophistication, and other relevant factors, as well as the "mitigating qualities of youth." Appellant cannot demonstrate any reasonable probability that the result of his resentencing would have been different had he been resentenced [] under *Batts II*, rather than [] under *Felder*.

PCRA Ct. Op., 12/23/25, at 9. The court, thus, found that "Appellant cannot demonstrate any probability that the result of his resentencing would have been any different under *Batts II*." *Id.* at 10. We agree.

Following our review, we conclude that Appellant failed to prove that, but for counsel's action or inaction, his sentence would have been different. Although Appellant has claimed that because the *Felder* Court abrogated *Batts II*, the 7-year delay in his sentencing caused him to lose the benefit of application of the *Batts II* factors, he does not explain how the *Felder* factors differed from the *Batts II* factors or apply those factors to illustrate how his sentence would have been different post-*Felder*. Thus, the trial court did not err in finding that Appellant's bald claim that counsel's stewardship prejudiced him was meritless and he is not entitled to relief on this claim.

Appellant next claims that the PCRA court erred in finding meritless his claim that Attorney Whitlatch was not ineffective for failing to object to, and have stricken from the record, Dr. O'Brien's testimony that Appellant has antisocial personality disorder when that diagnosis did not appear in Dr. O'Brien's report. Appellant's Br. at 32-34. He avers there was no reasonable basis for counsel not lodging the objection "because the statements were beyond the scope of Dr. O'Brien's initial report and prejudiced [Appellant]." *Id.* at 33-34.

In rejecting this claim, the PCRA court noted that, even though Attorney Whitlatch did not ask the court to strike, or otherwise object to, Dr. O'Brien's testimony regarding Appellant antisocial personality disorder diagnosis, "he conducted a thorough cross-examination regarding the basis for the diagnosis and the fact that it was not present in Dr. O'Brien's report." PCRA Ct. Op. at 10 (citations omitted). The PCRA court also noted that, when explaining the sentence imposed, the sentencing court "specifically referenced Dr. O'Brien's testimony that Appellant was not amenable to treatment and rehabilitation, and not the diagnosis of antisocial personality disorder." *Id.* at 11 (citation omitted). The PCRA court then concluded that because "[t]he sentencing court considered many factors, both positive and negative, when resentencing Appellant[,] Appellant cannot show any probability that his sentence would have been different had Attorney Whitlatch succeeded in having Dr. O'Brien's testimony stricken, rather than merely calling it into question." *Id.*

- 10 -

Following our review, we find that the record supports the PCRA's court's factual findings and its conclusion that Attorney Whitlatch was not ineffective when he chose to cross-examine Dr. O'Brien vigorously rather than move to strike his testimony. This claim, thus, fails.

In his fourth issue, Appellant claims that the trial court erred in finding that Attorney Whitlatch was not ineffective for failing to obtain an updated psychological evaluation of Appellant. Appellant's Br. at 34-35. Appellant complains that the reports authored by his expert 5 years prior to sentencing and by the Commonwealth's expert 2 years prior to sentencing were "dated" and did not accurately reflect his psychological state at the time of sentencing. *Id.* He speculates that Attorney Whitlatch's "failure to take remedial measures upon receiving Dr. O'Brien's report in 2021[,] and [to obtain] a more recent evaluation to reflect [Appellant's] psychological state as it existed closer to the time of sentencing caused the outcome of [Appellant's] sentencing to be more severe than it would have been had he taken steps to remedy Dr. O'Brien's concerns and/or obtained a recent updated evaluation." *Id.* at 35.

Beyond baldly claiming that counsel's failure to obtain a more recent psychological evaluation caused his sentence "to be more severe," Appellant has not offered any evidence to demonstrate that the outcome of his resentencing would have been different but for counsel's inaction. Appellant did not provide any evidence that a new psychological report would have changed the opinion of either party's expert witness and did not present the

- 11 -

name of a new psychological expert, or evaluation from a new expert, that contradicts or challenges the opinions of the experts the court relied upon when sentencing Appellant. Moreover, as noted by the PCRA court,

> Attorney Whitlatch submitted a thorough sentencing memorandum on behalf of Appellant including a comprehensive mitigation report, as well as a subsequent post-hearing supplement to [Appellant's] sentencing memorandum. Both memoranda highlighted Appellant's rehabilitation efforts and his participation in behavioral treatment programs while incarcerated. The sentencing court carefully reviewed and considered these submissions prior to imposing sentence.

PCRA Ct. Op. at 11-12 (unnecessary capitalization omitted).

Given the lack of any evidence substantiating Appellant's bald claim of prejudice and in light of the sentencing court's consideration of the documents cited above, as well as other relevant documents, we agree with the PCRA court that Appellant cannot demonstrate that counsel's failure to obtain an updated psychological evaluation of Appellant prejudiced him. The PCRA court properly found this claim lacking merit.

In his final two issues, Appellant argues that the PCRA court erred in finding that Attorney Whitlatch was not ineffective for failing to call two Department of Corrections employees to testify as part of his resentencing. Appellant's Br. at 35-39. Appellant contends that Attorney Whitlatch should have called Rachel Scicchitano as a witness to testify regarding Appellant's participation in the Juvenile Lifers Support Group and to offer her opinion about Appellant's mental health. *Id.* Appellant asserts that Ms. Scicchitano would have rebutted testimony offered by a Commonwealth witness that

Appellant refused psychological treatment and did not participate in the Juvenile Lifers program, and she would have provided evidence that described Appellant's level of participation in the group and his rehabilitative efforts. *Id.* at 35-37.

Appellant also claims that Attorney Whitlatch was ineffective for not calling Michelle Blessing, a therapist who worked with Appellant for the 5-year period before his resentencing, as a witness to testify regarding his participation in psychological counselling and to rebut the Commonwealth's evidence that Appellant "suffers from a psychological infirmity, refuses treatment, and is incapable of rehabilitation." *Id.* at 38-39. Appellant concludes that had Attorney Whitlatch called Ms. Scicchitano and Ms. Blessing to testify, there is a reasonable probability that the outcome of his resentencing would have been different. *Id.* at 37, 39.

"[I]n establishing whether counsel was ineffective for failing to call a witness, a petitioner must demonstrate: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial." *Commonwealth v. Dennis*, 17 A.3d 297, 302 (Pa. 2011). To satisfy the prejudice prong of this analysis, a PCRA petitioner "must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Commonwealth v. Gibson*, 951 A.2d 1110, 1134 (Pa. 2008). The petitioner has the burden to show that the

testimony of the uncalled witness "would have been helpful to the defense."

***Commonwealth v. Williams***, 141 A.3d 440, 460 (Pa. 2016) (citations omitted).

The PCRA court addressed Appellant's claim with regard to both of these witnesses. With respect to Ms. Scicchitano, the PCRA court opined as follows:

> Appellant cannot establish a reasonable probability that the result of his sentencing would have been any different had the sentencing court heard testimony from Ms. Scicchitano. As stated above, Appellant's attendance at the Juvenile Lifers Support Group was just one of many factors which this [c]ourt thoroughly considered in resentencing Appellant. In addition, this [c]ourt carefully reviewed the items submitted by Appellant, which included his treatment and rehabilitation efforts. Because Appellant cannot demonstrate that Ms. Scicchitano's testimony would have altered the result of his resentencing, there is no merit to this claim.

PCRA Ct. Op. at 12-13 (citations to notes of testimony omitted).

Similarly, with respect to Ms. Blessing, the PCRA court explained:

> Once again, Appellant cannot establish a reasonable probability that the result of his sentencing would have been any different had the sentencing court heard such testimony from Ms. Blessing. As set forth above, the sentencing court reviewed a plethora of documentation and heard testimony from multiple witnesses prior to resentencing Appellant. Attorney Whitlach submitted two sentencing memoranda on behalf of Appellant, as well as a comprehensive mitigation report. Thus, the sentencing court was aware of the treatment, programs, and rehabilitative efforts that Appellant had engaged in while incarcerated. The sentencing court considered this evidence, as well as the evidence less favorable to Appellant, when determining his sentence. Because Appellant cannot demonstrate that Ms. Blessing's testimony would have altered the result of his resentencing, there is no merit to this claim.

***Id.*** at 13.

- 14 -

Following our review, we conclude that the record—which shows that the parties provided, and the sentencing court considered, a multitude of facts and evidence when reaching its sentencing decision—supports the PCRA court's findings. Further, we find that the PCRA court properly exercised its discretion in concluding that Appellant's claims regarding the purported prejudice caused by Attorney Whitlatch in declining to call these witnesses lacked merit. Appellant is, thus, not entitled to relief on this claim.

In sum, having found that the PCRA court did not abuse its discretion in finding that none of Appellant's claims satisfy the requirements necessary to obtain a new sentencing hearing based on ineffective assistance of counsel, we affirm the order of the PCRA court denying Appellant's petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 06/05/2026